## F. R. WHITE v. STATE.

No. A-5440.    Opinion Filed March 23, 1926.
(244 Pac. 450.)

Bicking & Wilson, for plaintiff in error.
The Attorney General, for the State.

DOYLE, J. Appellant, F. R. White, was convicted on a charge of unlawful possession of intoxicating liquor, and in accordance with the verdict of the jury was sentenced to pay a fine of $500, and to be confined in the county jail for 6 months. He has appealed from the judgment, and assigns as error certain rulings of the court in the admission of evidence; that the verdict is not sustained by the evidence; that the punishment imposed is excessive, and appears to have been given under the influence of passion and prejudice.

The evidence for the state shows that under authority of a search warrant officers visited the premises occupied by the defendant in Tulsa, 1525 East Admiral, and searched the house, and found several empty bottles, and in a Ford touring car in front of the house they found 12 pints of whisky. Two or three of the officers testified that appellant admitted ownership of the whisky and of the Ford car in which it was found.

At the close of the state's evidence the defendant demurred to the same for the reason that such testimony was obtained unlawfully, in that the witnesses admitted they had no search warrant directing them to search the automobile in which the liquor in question was found, and that the evidence is insufficient to sustain a conviction, which was overruled and exceptions taken.

As a witness in his own behalf defendant, White, testified that he was not served with a search warrant directing officers to search the automobile parked in the street in front of his residence. He denied ownership of the car, and denied ownership of the whisky found in the car, and denied that he claimed ownership of the whisky or the car in his conversation with the officers; that he merely said to the officers that they need not search the house, as there was no liquor there.

His cross-examination was as follows:

"Q. You know a man by the name of Harry Morris? A. I have heard of him.

"Q. You were working for him at that time? A. No, sir.

"Q. Do you remember Captain Gritts asking you about the ownership of the car? A. No, sir."

In rebuttal, Ned Gritts testified as follows:

"Q. Did this man tell you who he was working for at the time you arrested him? A. Yes, sir.

"Q. Who? A. Harry Morris.

"Q. Who is he? (Objected to as incompetent, irrelevant, and immaterial.

"The Court: Overruled. A. A bootlegger that lived on the south side of town."

It is argued that the search of the Ford car without a warrant was illegal, and cannot be justified. In his objections to the testimony appellant did not specify that the admission of this testimony violated any of his rights under the Constitution, and he disclaimed ownership or **possession of the car and the liquor found therein. It** seems to be well settled that a person, not being the owner or proprietor of the premises searched by virtue of a search warrant, and not claiming any interest in the property so found, cannot complain upon the trial of the alleged illegal search, nor object to the introduction of evidence thus obtained. Remus v. U. S. (C. C. A. 1921) 291 F. 501. Upon the record before us the question argued is not presented by timely objections and exceptions reserved.

It is urged that the court erred in admitting incompetent and prejudicial testimony in rebuttal, in permitting the witness Gritts to testify that defendant told him he was working for Harry Morris, and that Harry Morris

is a bootlegger. While the question was objected to, there was no motion that the answer be stricken. The defendant here was asked on cross-examination if he was working for one Harry Morris at the time of his arrest, and answered that he was not. The state in asking the question was bound by the answer given, and it was improper to call witnesses in rebuttal to disprove the defendant's answer.

It is the established practice under our statute that a new trial shall not be awarded for an error not prejudicial to the defendant. Prejudice is not presumed from error being made to appear, in the absence of reasonably clear indications that the defendant was thereby prejudiced upon the merits. However, it is urged in this case that the rebuttal testimony was prejudicial to the defendant as indicated by the severe penalty fixed by the jury, and for this reason the judgment should be modified.

In our opinion the evidence in the case does not warrant the maximum penalty imposed, and in numerous cases this court has held that the remedy in cases like this is not in a new trial, but by reducing the punishment. The court therefore, in furtherance of justice, will modify the sentence to a fine of $200, and confinement in the county jail for 60 days. As thus modified, the judgment of the lower court is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.