## A. W. HALL v. STATE.

No. A-5947.    Opinion Filed Feb. 20, 1928.
(264 Pac. 221.)

M. D. Hartsell, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Muskogee county on a charge of having the possession

of whisky mash fit for distillation, and was sentenced to pay a fine of $50, and to serve 30 days in the county jail.

Briefly stated, the record discloses that on the forenoon of the day charged the sheriff and others procured a search warrant, and made search of defendant's residence and immediate surroundings. They found no incriminating evidence. That afternoon they returned to defendant's farm, and, while in a pasture 150 yards or farther from his residence, searching along a small creek, they detected the smell of mash, which they followed to an old house in the pasture. The front of this house was padlocked, and the rear door was fastened with a wire. There was an adjoining room unfastened, which they entered, and, looking through a crack in the door, saw some barrels of mash and a still inside. They unfastened the door, entered, and discovered eleven full barrels of whisky mash, a coal oil reservoir, tank, burner, a cooling system, a sack of sugar, and other things indicating the manufacture of whisky. They testified the smell of the mash was discernible 60 to 100 feet away from the building. There was also evidence that in the forenoon, when at the residence of defendant, they inquired of him about this building. In substance he informed them that no one lived there; he was using it for a cow stable. There was also evidence that a dim trail or road led from this house toward the residence of defendant.

The defendant testified that some time before he had rented the house to one Miller, who had occupied it up to about this time. He suspected Miller was making whisky there, as he had smelled the mash. He had not known Miller before renting the house to him; did not know whether he had a family or not. He further testified he had a cow in the pasture there, some time

milked her in the stall near the house, watered her at the well there, and kept feed in the back room, but never peeped in; that, when the officers inquired in the forenoon in reference to the house, he did not tell them that Miller lived there, but told them he had been using the house for a stable.

It is first argued that the evidence, being entirely circumstantial, is insufficient to sustain the verdict and judgment. We are not able to agree with this contention. The circumstances exclude any reasonable hypothesis of innocence, and conclusively prove that defendant either had possession of the mash and operated the still, and that Miller, if he had any connection with it, was a mere assistant, or they operated it together. Defendant's explanation of the presence of the still on his land, near his house under the circumstances, is wholly unreasonable, and the jury was warranted in giving it little credence.

It is next urged that a statement of the county attorney in his argument is prejudicial. In the course of the argument counsel for defendant objected as follows:

"Mr. Hartsell: We object to the remark of the county attorney that: 'Ordinarily when we try a case once, and it is not decided by a jury, we very seldom try it again.' The defendant objects to that remark, and moves the court to admonish the jury to not consider it at all."

This was overruled, and the county attorney further stated that the testimony of defendant was different to what it had been at a former trial, and for this reason he knew he was guilty. This was objected to, and the court admonished the county attorney to confine his argument to evidence in the case, and not to speculate on what the evidence was, or tell what the

evidence was, in the former case. That there had been a former trial was shown by the evidence, but the testimony of defendant at such trial was not brought out. Reference to it was improper.

It is insisted that much of the state's evidence was incompetent, as having been procured by an illegal search of the house where the mash was found. The house was no part of defendant's residence, or the curtilage or immediate surroundings, according to defendant's own testimony, was not in his possession at the time, but was rented to one Miller, and he was not in a position to complain. Penrod v. State, 38 Okla. Cr. 46, 258 P. 1052.

Lastly, complaint is made that the court erred in instruction No. 8, in which the jury are instructed, in substance, that the officers had no right to search the premises where the mash is claimed to have been found, unless they should find that the officers knew an offense was being committed in their presence in the building in question, but, in the event they should find that the offense was not committed in the presence and within the knowledge of the officers, the search was illegal, the evidence inadmissible, and the defendant should be acquitted, but, if they should find beyond a reasonable doubt that a crime was committed in the presence of the officers with their knowledge, the evidence would be admissible. This instruction is involved and improper. Generally, the admissibility of evidence is not a matter for the jury, but a matter for the court, and it is for him to say whether or not it is admissible. The only effect of this instruction, however, is to weaken the evidence and minimize its probative force. While the instruction is erroneous, it is not prejudicial to defendant.

Upon a consideration of the whole case, the guilt of defendant is clearly proven, the punishment assessed

is the minimum, and such errors as are disclosed by the record are not so materially prejudicial as to require a reversal.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.