## OTTO STRICKLAND v. STATE.

No. A-6174.  Opinion Filed May 12, 1928.
Rehearing Denied June 9, 1928.
(267 Pac. 672.)

Claude Nowlin, Conner & Conner, L. C. McLean, and P. R. Haunstein, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, for brevity hereinafter called defendant, was convicted in the district court of Garfield county on a charge of having the unlawful possession of narcotics, and was sentenced to serve a term of three years in the state penitentiary.

On the date charged, certain officers with a search warrant went to the residence of defendant in the town of Garber and made a search of the house, but found nothing of an incriminating nature therein. Some of the party then searched a chicken house about 20 yards from the residence, and buried in the floor under the dirt and manure they found a box, and within it a tin cigar box containing thirty-six cubes of morphine, each cube containing approximately one grain. The officers testified that defendant was thereupon arrested, and stated

that the morphine was his, and his wife had no connection with it; further that defendant offered $500 or $600 if they would release him. The defendant testified that he did not have possession of the chicken house in which the narcotic was found, but when he rented the residence house the chicken house was reserved, and had not been delivered to him, and he had never been within it. He denied the testimony of the officers that he admitted ownership of the morphine, denied any knowledge of it, and testified that the conversation in reference to the $500 or $600 was in the nature of an offer of bail for his release.

Counsel for defendant have exhaustively briefed their contention that the search warrant is invalid, for several reasons not necessary to recite here. In line with the general trend of the authorities, it has been held by this court frequently that the right to complain of an illegal search is personal, and one accused of crime will not be heard to complain that the person, premises, or property of another has been invaded by an illegal search. White v. State, 33 Okla. Cr. 428, 244 P. 450; Hardy v. State, 35 Cr. 124, 248 P. 874; Williams v. State, 35 Okla. Cr. 171, 249 P. 433; Klaber v. State, 35 Okla. Cr. 238, 250 P. 142; Penrod v. State, 38 Okla. Cr. 46, 258 P. 1052; Hall v. State, 39 Okla. Cr. 252, 264 P. 221. Since defendant denied possession or control of the chicken house, these authorities dispose of the entire contention that the search warrant is invalid.

It is next argued that the county attorney in his cross-examination of defendant and his witnesses was guilty of misconduct, and that the trial court made statements in the presence of the jury prejudicial to defendant. Under this assignment, several questions of the county attorney are set out which defendant contends are prejudicial. We have examined this with care, and the zeal of the county attorney in some instances pushed the

cross-examination rather far. The trial court some two or three times in ruling upon an objection made statements in explanation or expressing his view on the admissibility of the evidence. This court has frequently said that the trial court should rule on the objections without comment which would tend to convey to the jury any impression of the opinion of the court. Some of the statements had better been omitted, but not every remark of a trial court, even though erroneous, requires a reversal. It has been necessary in many instances for this court to reverse convictions on account of the statements made by the trial judge in the course of the trial. With these decisions in mind, we have considered carefully the matters objected to, and have concluded that under the record defendant is clearly proven guilty, the punishment is not excessive, and the errors in the trial are not of such gravity as to have affected the trial or the verdict of the jury. They present no ground for a reversal.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.