# HENRY LUTON v. STATE.

No. A-7103.   Opinion Filed March 18, 1930.
Rehearing Denied April 12, 1930.
(286 Pac. 350.)

Edgar Johnson, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted in the county court of Hughes county on the charge of having possession of intoxicating liquor with the intent to barter, sell, give away, and otherwise furnish the same to others, and was sentenced to pay a fine of $100 and to be imprisoned in the county jail for a period of sixty days; from which sentence the defendant has appealed.

George Phillips, who was a deputy sheriff, testified that on the 9th day of December, 1927, he stopped at the

Tulsa Rig & Reel Company, and as he was passing the warehouse of the company he heard some conversation and opened the door of the warehouse and went in; when he got on the inside of the warehouse, he found the defendant and two other parties there; he found a five gallon keg of whisky and the parties were syphoning the whisky out of the keg into fruit jars; witness stated defendant told him it was his whisky; the other two parties stated they were getting some Christmas whisky; the defendant was arrested, charged with the possession of the whisky; the parties in the warehouse with the defendant at the time the witness for the state claims he found the defendant syphoning the whisky out of the keg into the fruit jars denied they told the witness they were getting some Christmas whisky.

Coke Denny testified he was with witness Phillips when he went to the Tulsa Rig & Reel Company warehouse, and that the defendant told Mr. Phillips it was his whisky. Considerable testimony was taken as to why the officers came to the Tulsa Rig & Reel Company plant that day, which is immaterial to this opinion.

A. R. Boswell, called as a witness on behalf of the defendant, stated his occupation was lumberman and manager of the Tulsa Rig & Reel Company; he remembers the incident of the defendant being arrested at the company's warehouse; that the doors of the warehouse were kept closed; Mr. Boswell stated the whisky found in the warehouse was not his whisky, nor did he invite the defendant to go into the warehouse; witness further stated he did not know the whisky was there.

Joe Bowman also testified he was in the warehouse of the Tulsa Rig & Reel Company when Deputy Sheriff Phillips searched it; he saw some whisky; but he did not know

whose whisky it was; that he did not tell Phillips he was buying from the defendant; witness further stated that it was not his whisky.

A witness by the name of Armstrong also testified as to being in the warehouse when Phillips came in; he did not tell the witness Phillips he was buying whisky for Christmas; this witness also testified that it was not his whisky. The foregoing is in substance the testimony introduced on behalf of the state and defendant. The defendant did not testify.

The defendant alleges that the court committed seven errors in the trial of his case. The second assignment of the defendant is the overruling of the defendant's motion for continuance. It is clearly shown that no legal ground is set out in the motion for continuance. No diligence on the part of the defendant is shown. The motion for continuance was properly overruled.

The defendant in his third assignment alleges as error that the court should have sustained the motion to suppress the evidence offered by the state of Oklahoma on the illegal search of the defendant and premises of the Tulsa Rig & Reel Company. The record shows that the defendant was not in the employ of the company, that it was not his place of business, and that his being present in the warehouse was without any authority from the company.

This court in Strickland v. State, 40 Okla. Cr. 94, 267 Pac. 672 in the first paragraph of the syllabus, says:

"The immunity guaranteed by the Constitution and the statutes against unreasonable searches is personal, and is available to an accused only when there has been an invasion of his rights. He has no right to complain of a trespass upon the premises of another." Penrod v.

State, 38 Okla. Cr. 46, 258 Pac. 1052; Hall v. State, 39 Okla. Cr. 254, 264 Pac. 221.

In this case there is no testimony whatever tending to show the defendant was in possession of the warehouse searched by the deputy sheriff, or that he had any ownership or right to the same, and for that reason the defendant was not in a position to claim the protection of the law against unlawful searches and seizures by the officer without a proper search warrant. The motion of the defendant to suppress the testimony was properly overruled.

It is next contended by the defendant that his conviction should be set aside for the reason that there is no proof establishing the corpus delicti. The defendant insists that there is no corroborating testimony of the deputy sheriff as to the defendant stating to him it was his whisky; that the other witnesses present claim they did not hear such statement. All of the courts hold that the corpus delicti cannot be established upon the uncorroborated confession of the defendant. However, in this case that question is not involved, for the reason that there is positive testimony by all the witnesses that there was whisky in the warehouse where the defendant and other parties were found; each of the other witnesses testifying it was not their whisky, but they did not know to whom it belonged; the deputy sheriff testifying in positive terms that, when he entered the building, the whisky was being syphoned out of the keg into fruit jars, and that when he went into the building the defendant told him it was his whisky. No dispute that the whisky was found there; no dispute it was being syphoned out of the keg into the fruit jars; and no dispute by the defendant that the whisky did not belong to him. Under the proof in this case the corpus delicti was proven by positive testimony, and it was not necessary for the witness Phillips to be corrobor-

ated as to the finding the whisky in the possession of the defendant.

The testimony in this case is sufficient to sustain the conviction; the court properly instructed the jury as to the law; the defendant was accorded a fair and impartial trial. Finding no errors in the record to justify a reversal, the case is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.