# R. L. HOGUE v. STATE.

No. A-7396.   Opinion Filed Aug. 16, 1930.
Rehearing Denied Sept. 13, 1930.
(291 Pac. 137.)

Waldrep & Haight, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

CHAPPELL, J.  The plaintiff in error, hereinafter called defendant, was convicted in the county court of Pottawatomie county on a charge of having unlawful possession of 10 gallons of whisky, and his punishment fixed at a fine of $500 and confinement for six months in the county jail.

The evidence of the state was that they found on the premises of the defendant, about a quarter of a mile west of his house, in the river bottom, an underground dugout covered with poles, with some 6 to 10 inches of dirt thrown over that, which made it level with the top of the ground.  There were two trapdoors, one from the south and one from the north, which had been closed, and some straw or grass put over the south door, but with no dirt over it.  In the dugout the witnesses found a 50-gallon copper still complete, 10 barrels of mash, a 5-gallon keg of whisky, a 5-gallon water bottle about two-thirds full, a half-gallon jar full, and another half-gallon jar a little over half full; that the defendant came to the officers about the time the dugout was found; that the next day

the defendant admitted the dugout and the liquor were on the farm he occupied; that the defendant admitted he had plowed the land where the dugout was found with a four-horse team and that he had plowed deep to get rid of the John grass. The defendant took the witness stand and denied knowledge of the dugout or the liquor.

The defendant contends, first, that the search and seizure was unauthorized, because the officers had no search warrant. This case falls within the rule laid down in Mitchell v. State, 38 Okla. Cr. 167, 259 Pac. 661, and Perry v. State, 42 Okla. Cr. 92, 274 Pac. 686, wherein the court said:

"Where the commission of an offense is suspected, a search of woodlands, pastures, or fields, not within the curtilage or close proximity of a dwelling house, is not unreasonable, and a search warrant is not necessary."

Defendant next complains that the court erred in its instructions to the jury. The instruction complained of is not a model, but, when the instructions are all considered together, they fairly state the law of the case.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.