## E. RAY ADAMS v. STATE.

No. A.-8487.   April 1, 1933.
Rehearing Denied May 19, 1933.
(21 Pac. [2d] 1075.)

Jas. A. Embry and John T. Blaney, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of abortion and sentenced to serve a term of two years in the state penitentiary at McAlester, and appeals.

The defendant was charged and convicted of violating section 1834, Okla. Stats. 1931, which is as follows:

"Every person who administers to any pregnant woman, or who prescribes for any such woman, or advises or procures any such woman to take any medicine, drug or substance, or uses or employs any instrument, or other means whatever, with intent thereby to procure the miscarriage of such woman, unless the same is necessary to preserve her life, is punishable by imprisonment in the penitentiary not exceeding three years, or in a county jail not exceeding one year."

The testimony in the case shows Henry Doyle and his wife, Lillian Doyle, left their home in Shawnee and went

to the home of the defendant near the city of Chandler, in Lincoln county, state of Oklahoma; that Lillian Doyle was pregnant; that the defendant performed an abortion and immediately thereafter Lillian Doyle died.

The testimony on behalf of the state further shows that it was not necessary to have the abortion performed to save the life of the deceased, Lillian Doyle. It is admitted by the defendant that he performed an abortion. The defendant's testimony is that it was necessary to perform the abortion in order to save the life of Lillian Doyle. Other reputable physicians and surgeons answering hypothetical questions stated in their opinion the abortion was necessary. The only conflict in the testimony is, was it necessary that the abortion be performed in order to save the life of Lillian Doyle. The pregnancy is admitted, and it is also admitted that the abortion was performed; that an anesthetic was administered, and that Lillian Doyle died immediately after the operation.

The defendant has assigned several errors alleged to have been committed by the trial court. It is urged by defendant that the testimony of the state is insufficient to sustain the judgment, and that the court erred in overruling his motion for a new trial, citing Ren et al. v. State, 9 Okla. Cr. 671, 132 Pac. 1131; Benson v. State, 10 Okla. Cr. 16, 133 Pac. 271; and many other authorities to sustain his contention.

This court has repeatedly held that where the evidence and the reasonable and logical inferences and deductions to be drawn from it are sufficient to convince the jury beyond a reasonable doubt of the guilt of the defendant, this court will not disturb the verdict for insufficiency of the evidence. Pickett v. State, 35 Okla. Cr. 60, 248 Pac. 352.

In Underwood v. State, 36 Okla. Cr. 21, 251 Pac. 507, 508, in the fourth paragraph of the syllabus this court said:

"Conviction can be reversed as not supported by evidence only if no substantial evidence tends to show guilt, or evidence is so insufficient that jury must have acted from partiality, passion, or prejudice."

The jury are the exclusive judges of the weight of the evidence, and if there is a clear conflict in the evidence, or it is such that different inferences can properly be drawn from it, this determination will not be interfered with unless it is clearly against the weight of the evidence. Campbell v. State, 23 Okla. Cr. 251, 214 Pac. 738; Choate v. State, 37 Okla. Cr. 314, 258 Pac. 360; Mayse v. State, 38 Okla. Cr. 144, 259 Pac. 277.

The record fails to disclose that the jury was influenced by passion or prejudice. The court in its instructions correctly declared the law applicable to the facts in the case, and the jury after hearing the evidence, instructions of the court, and argument by counsel, by its verdict found against the defendant, and we are not inclined to disturb the finding of the jury, for the reason we hold there is sufficient testimony, though conflicting, to sustain the judgment.

The defendant complains of the refusal of the court to give a requested instruction. The general instructions given by the court covered the law fully, and it was not error for the court to refuse to give the instruction requested by the defendant.

The other errors assigned by the defendant do not possess sufficient merit to warrant a reversal. Finding no errors in the record sufficient to warrant a reversal, the judgment of the trial court is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.