ALBERT WILLIAMS et al. v. STATE.

No. A-8692.   May 11, 1934.
Rehearing Denied June 8, 1934.
(33 Pac. [2d] 234.)

Ben F. Williams, Homer Cowan, and T. R. Benedum, plaintiffs in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Paul W. Updegraff, Co. Atty., for the State.

CHAPPELL, J.   Plaintiffs in error, hereinafter called defendants, were convicted in the county court of Cleveland county of unlawful possession of intoxicating liquor, and their punishment fixed by the court as follows:

Albert Williams fined $50 and sentenced to 30 days in the county jail;

Edgar Oswalt fined $175 and sentenced to 45 days in the county jail.

It is first contended the court erred in overruling defendants' motion to suppress the evidence because the same was obtained by an unlawful search and seizure.

The evidence of the state was that the officers having a search warrant visited the premises of Edgar Oswalt and searched the house and outbuildings, but found no intoxicating liquor; that a path led from Oswalt's house about 250 yards down into a cornfield; that following this trail the officers found a still in operation and saw defendant Williams workng about the still; that upon the approach of the officers he fled; that the officers found several barrels of mash and a ten-gallon keg with about seven gallons of rye whisky in it, in addition to the still, and that they also found tracks made by the wheels of a wagon leading from the still to the house, with a good many grains of rye in the bottom of the wagon box; that after finding the still and the wagon and looking in the wagon and finding the grains of rye, the officers further searched the premises and found about one pint of whisky in the trunk on the back of an automobile belonging to defendant Williams, which automobile was stored in a shed there; that the next day defendant Williams appeared at the county jail to claim his car, and was then arrested.

Defendant Oswalt did not take the witness stand. Williams denied he was at the still, and offered proof he was attending the Fair in Oklahoma City on that day. Evidence was also offered by defendants to show that the still was not located on Oswalt's premises.

During the progress of the trial the state admitted the search warrant was void, as not being based upon an affidavit, but contended that no search warrant was necessary under the evidence.

This case falls within the rule laid down in Mitchell v. State, 38 Okla. Cr. 167, 259 Pac. 661, where this court said:

"Where the commission of an offense is suspected, a search of woodlands, pastures, or fields not within the curtilage or close proximity of a dwelling house is not unreasonable, and a search warrant is not necessary."

In the body of the opinion, this court said:

"Complaint is also made that the officers made an unlawful search. No search warrant was necessary for the investigation that led to the finding of the still. It was a brushy woods pasture, an unfrequented place, one-quarter to one-half of a mile from the residence. * * * The officers testified they looked into defendant's barn and to this extent the search was unwarranted, but this overstepping the right of search does not affect the case."

To the same effect are: Penney v. State, 35 Okla. Cr. 151, 249 Pac. 167; Perry v. State, 42 Okla. Cr. 92, 274 Pac. 686; Hogue v. State, 48 Okla. Cr. 298, 291 Pac. 137.

In the case at bar, while the search of the house and automobile was unauthorized, that did not affect the right of the officers to search the remote premises under the circumstances disclosed by the evidence.

The right to complain of an illegal search is personal and not available to one not the owner of the premises or the property searched, or to one who disclaims ownership. White v. State, 33 Okla. Cr. 428, 244 Pac. 450; Penrod v. State, 38 Okla. Cr. 46, 258 Pac. 1052; Hall v. State, 39 Okla. Cr. 254, 264 Pac. 221; Luton v. State, 47 Okla. Cr. 82, 286 Pac. 350.

Defendants having offered evidence that the still was located on premises not owned or controlled by them, and having disclaimed ownership of the property found, under these authorities they are not in a position to raise the question of illegal search, and upon either one of the propositions the court did not err in overruling the objections and admitting the evidence.

Finally, it is contended the evidence is insufficient to sustain the verdict of the jury. There is no merit in this contention.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.