ALVIN KISSELBURG v. STATE.

No. A-8703.   May 25, 1934.
(33 Pac. [2d] 236.)

47

A. C. Moses, for plaintiff in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Paul W. Updegraff, Co. Atty., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of having possession of a still, and sentenced to pay a fine of $50 and be confined in the county jail for 30 days.

The state, to maintain its allegations, called as a witness W. W. Jennings, who stated he was the sheriff of Cleveland county, on the 17th day of June, 1933, when he went to the home of Alvin Kisselburg, accompanied by Ivan Kennedy; Kisselburg's home is located about 300 yards south of the Red Oak schoolhouse.

"We went over to where the still was set up and found the still and about two or three barrels of mash near it; there was no whisky at the still; Mr. Kennedy had told me where the still was. We went from there over to where Mr. Kisselburg lived; there was a plain trail from this still to the Kisselburg home; we did not know who lived at the house near where we found the still; Kisselburg and his wife were at home; I knocked on the door and his wife came to the door and said come in; I had a conversation with Mr. Kisselburg at the time with reference to the still and he said the still was his; he had been running it that

Sunday morning; that he had run off some whisky, and the whisky was in a keg."

Ivan Kennedy testified in substance to the same fact as did the witness Jennings.

The defendant testifying in his own behalf denied any knowledge of the still, and denied telling the sheriff that it was his still; denied he had anything to do with the still or that he told the officers he had run off whisky that Sunday morning before they came to his place. The defendant further stated the trail the officers talked about running from his place to the still passed on through an old field south, and was traveled frequently by other people.

Mrs. Kisselburg, the wife of the defendant, and Harry Jones testified for the defendant, each corroborating the fact that the trail leading from defendant's house to where the still was found went on through an old field and was traveled by a number of people; Mr. Jones stating his children used it going to and from school.

The defendant says the still was a quarter of a mile from his home, and the state witnesses say it was about one hundred yards from his home. The state's testimony shows the witnesses knew nothing about who owned the still or had operated it; they claim the defendant told them he had some whisky in the house, and that he had been operating the still that Sunday morning, which is denied by the defendant. This is in substance the testimony in the case.

The defendant insists the court erred in not sustaining his objection to the introduction of any evidence, for the reason that the arrest was unlawful, and the search and seizure was illegal for the reason that no search warrant was issued. The record discloses the still was found a distance from defendant's home, and not within the

curtilage; therefore the contention of the defendant is without merit. This court has repeatedly held that a search warrant is not necessary to search woodlands, pastures, and fields not within the curtilage or close proximity of a dwelling house. Mitchell v. State, 38 Okla. Cr. 167, 259 Pac. 661; Perry et al. v. State, 42 Okla. Cr. 92, 274 Pac. 686; Hogue v. State, 48 Okla. Cr. 298, 291 Pac. 137.

It is next urged by the defendant that the verdict is not sustained by sufficient evidence. While the testimony in this case is largely circumstantial, the circumstances are such as to point directly to the guilt of the defendant. The officers also testify the defendant told them he had been making whisky that Sunday morning before they came to his house. There is a direct conflict in the testimony of the state's witnesses and defendant.

This court has repeatedly held that where the evidence and the reasonable and logical inferences and deductions to be drawn from it are sufficient to convince the jury beyond a reasonable doubt of the guilt of the defendant, it will not disturb the verdict for insufficiency. Underwood v. State, 36 Okla. Cr. 21, 251 Pac. 507; Bond v. State, 53 Okla. Cr. 224, 11 Pac. (2d) 200.

There are no errors in the record.

The judgment of the trial court is affirmed.

EDWARDS, P. J., and CHAPPELL, J. concur.