## J. M. GREENWOOD v. STATE.

No. A-8837.   July 19, 1935.
(47 Pac. [2d] 885.)

J. R. Charlton and E. E. Heyl, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

EDWARDS, J.   Plaintiff in error, hereinafter called defendant, was convicted of embezzlement in the district court of Washington county and was sentenced to serve three years in the state penitentiary and to pay a fine of $300.

Defendant entered into a contract with the county commissioners by which he was to collect delinquent personal taxes.   The evidence is that he collected moneys for such taxes for which he failed to account.   The information is sufficiently broad to cover an embezzlement by an individual, and the instructions also sufficiently broad. Defendant did not take the stand and offered no testimony.

Defendant contends that since the office of delinquent

personal tax collector, as provided for in chapter 36, Sess. Laws 1925, had been abolished because such act had been declared unconstitutional, State ex. rel. Ledbetter, Sheriff, v. Pitts, County Treasurer, 137 Okla. 59, 277 Pac. 918, he could not be charged with the embezzlement of funds collected while acting as such purported officer. In the case of State, etc., v. Pitts, etc., above cited, the Supreme Court held a part of section 1, chapter 36, act of the Legislature 1925, unconstitutional and the entire amendment inoperative. This, however, does not affect section 7761, Okla. Stat. 1931, upon which the prosecution in this case is based. It may be that the county commissioners did not have the authority to make the contract in question with defendant, but since they did make such contract, and under it defendant collected moneys for the county in payment of delinquent personal taxes, he will not be permitted to embezzle such moneys, and then say he was without authority to make the collection. The contract with the county commissioners would constitute color of authority for his acts in collecting, and he is bound to account for the moneys collected. This rule has been several times announced by this court. Ellington v. State, 7 Okla. Cr. 252, 123 Pac. 186; Lowdermilk v. State, 11 Okla. Cr. 281, 145 Pac. 1110. This court in Waldock v. State, 42 Okla. Cr. 331, 276 Pac. 509, held:

"Where an agent or trustee is charged with embezzlement of funds belonging to the county, he cannot be heard to say that such funds were unlawfully acquired by him as such agent and trustee. If he was agent enough to receive the funds belonging to the county, he was agent enough to be punished for embezzlement of said funds. * * *"

Other assignments of error are made; they have been

carefully considered; none require discussion. We find no material error.

The case is affirmed.