VAN BUREN GREEN et al. v. STATE.

No. A-9113.   Dec. 18, 1936.
(63 Pac. [2d] 767.)

Turner M. King, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiffs in error were by information jointly charged with robbery by force and fear, and were jointly tried, convicted, and each sentenced to serve a term of twenty years in the state penitentiary. From which judgment and sentence, Van Buren Green and William Craven have appealed.

The testimony is very brief, W. F. Payne testifying he lived in Ada, Pontotoc county, Okla.; he was going down the street one evening and two colored boys came across the street toward him, one asked him if he had a match, and the other one grabbed him and pinned his arms down, and they by force and fear took his billfold containing a railroad pass and other papers.

Payne further stated the negroes then ran; that he reported to the police what had happened, and from the descriptions he gave the officers the boys were arrested and placed in jail. Payne went to the jail the next morning and by the voice of one, and the looks of the men, he identified them as being the two colored men who robbed him of his billfold containing a railroad pass and some papers the previous night. The prosecuting witness is positive that the defendants are the parties who robbed him, and stated they put him in fear and by force robbed him, one of them holding him while the other took the billfold from his pocket.

The defendants deny they robbed the prosecuting witness Payne, and insist they were at another and different place at the time of the robbery. There is a direct conflict in the evidence, the prosecuting witness testifying positively to the defendants being the parties that robbed him, and the defendants denying they robbed him, or had anything to do with his being robbed.

L. U. Rains, in rebuttal, stated in a conversation with the defendant Craven he told him that Van Buren Green is the one that took the purse.

The foregoing is the substance of all the testimony.

The defendants have assigned ten errors alleged to have been committed by the trial court. In their brief and arguments the defendants have presented their argument under three propositions:

"1. The verdict is contrary to the evidence.

"2. The court erred in overruling their demurrer to the evidence of the state.

"3. The court erred in overruling their motion for a new trial."

In the presentation of these three propositions by the defendants, their argument is directed exclusively to the insufficiency of the evidence to sustain a conviction. No complaint is made of the court's instructions, or on any question raised in the assignments, but the question that the evidence is insufficient to sustain a verdict, and the court should have sustained their demurrer to the evidence and directed a verdict of acquittal.

In presenting their argument, they cite in support of the same, Jefferson v. State, 31 Okla. Cr. 44, 236 P. 914. An examination of the authority cited shows that if there is any evidence, although it may be conflicting, from which a jury would reasonably or logically draw the conclusion of the defendants' guilt, this court will not disturb the verdict.

It is likewise true and well settled by this court that where there is no evidence to support a verdict, or where it is of such a weak and inconclusive character that a conclusion of guilty may not reasonably be drawn from it,

or there is a failure to prove some essential matter to establish the offense charged, it is the duty of the court to set aside such verdict as contrary to the evidence. In this case, the prosecuting witness was robbed of his billfold by force, and he identified positively the defendants in this case as being the two negroes who robbed him. The defendants deny they committed the offense and plead an alibi that they were at another and different place at the time the prosecuting witness alleges he was robbed.

A conflict in the testimony is a question for the jury under proper instructions of the court. In Adams v. State, 54 Okla. Cr. 363, 21 Pac. (2d) 1075, this court in the first paragraph of the syllabus stated:

"Conflicting issues of fact are for the sole determination of the jury. A conviction will not be disturbed on appeal because of conflicts in the evidence, if the evidence adduced reasonably tends to support the verdict and judgment."

This court in the following cases reaffirmed its holding in the case of Adams v. State, supra: Humberd v. State, 56 Okla. Cr. 23, 32 Pac. (2d) 954; Coats v. State, 56 Okla. Cr. 26, 32 Pac. (2d) 955; Kisselburg v. State, 56 Okla. Cr. 46, 33 Pac. (2d) 236; Clemmer v. State, 56 Okla. Cr. 354, 40 Pac. (2d) 37.

There are no errors in the record warranting a reversal. The evidence is sufficient to sustain a conviction, but after a careful consideration and reading of the record, we believe the punishment imposed is excessive and should be modified from twenty years in the state penitentiary to ten years, and, as modified, the judgment is affirmed.

EDWARDS, P. J., and DOYLE, J., concur.