CHARLES J. LIDDELL v. STATE.

No. A-9164.    April 30, 1937.
(68 Pac. [2d] 432.)

P. L. Gassoway and Hal Johnson, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error was by information charged with the crime of embezzlement of funds belonging to Pottawatomie county, Okla.; was tried, convicted, and sentenced to imprisonment in the state penitentiary for eight years and to pay a fine of $2,500.   Motion for new trial was filed, considered, overruled, and the defendant by petition in error with case-made attached has appealed to this court.

The testimony on behalf of the state in substance is that the defendant, Chas. J. Liddell, was appointed delinquent personal tax collector for Pottawatomie county, by the county commissioners, March, 1931, and continued as such delinquent tax collector until January, 1935, at which time the defendant submitted his resignation.

The testimony shows that as delinquent personal tax collector it was the duty of the defendant to collect the delinquent personal taxes, and to turn the money collected to the county treasurer.   The defendant would then file with the county commissioners a claim for his commission for collecting the amount he turned in to the county treasurer, which he was entitled to under the law and his contract with the county commissioners, and, if the claim was correct, the county commissioners would allow the claim and order it paid.

The testimony on behalf of the state, in the nature of an audit, made by the examiner and inspector of the state shows that during the period the defendant served as delinquent personal tax collector he received commissions totaling more than $13,000, which had been allowed by the board.

A copy of the audit made by A. E. Bockoven, deputy state examiner and inspector, shows that the defendant collected $13,327.84 that he did not pay into the treasury of Pottawatomie county, Okla. According to the evidence of the deputy examiner and inspector A. E. Bockoven, the defendant's accounts and books were audited from March 23, 1931, to April 1, 1935; that the amount of $13,327.84 was the amount collected by the defendant and not accounted for from July, 1932, to the date of his resignation. The witness further stated that the shortage was determined by delinquent warrants issued by the county treasurer to the defendant, but not returned by the defendant, and that the collection of the amounts charged to the defendant was shown by the indorsements made on the warrants by the defendant, and also by duplicate copies of receipts issued to the taxpayer.

The witness further stated that these warrants and duplicate receipts were in the possession of the defendant when he started his examination, and were finally delivered by the defendant to the witness. Witness further testified he had trouble in getting possession of the warrants and receipts; that he had a conversation with the defendant in which he asked the defendant why he held the warrants out, and the defendant replied, "I thought I could raise the money to pay them off"; that he asked the defendant what he thought the shortage would be, and the defendant replied he thought it would total about $15,000 or $16,000.

The testimony further shows that the warrants that were returned by the defendant to the county treasurer were entered upon the tax warrant register showing the return. Those that showed the collection, showed the amount, the receipt number, the date it was entered in

the tax warrant register, and filed in the treasurer's daily report sent to the county clerk.

The testimony shows that the warrants return by the defendant were never returned to him. The money that he collected and turned over to the collector was placed in what was known as a depository county fund, and he would then issue a check against that account to the treasurer. On April 3, 1935, the balance shown in the depository account was $1.35. The state also introduced many of the warrants and receipts for the money collected for the state by the defendant and not reported to the treasurer.

The defendant did not testify, and the only testimony he offered was the testimony of several witnesses as to his previous good character, which was not disputed by the state.

The defendant in his petition in error alleges eleven errors which he deems sufficient to warrant a reversal. In his brief he discusses only two of the eleven errors assigned, being the second and third, which are as follows:

"2. Because the evidence fails to sustain the allegations of the information and is insufficient to sustain a verdict of guilty of any offense.

"3. For error of the court in admitting incompetent, irrelevant and immaterial testimony, to which the defendant at the time objected and excepted."

It is urged by the defendant that the evidence fails to sustain the allegations of the information and is wholly insufficient to meet the proof required, citing in support of his contention Hays v. State, 22 Okla. Cr. 99, 210 Pac. 728, and State v. Harris, 47 Okla. Cr. 344, 288 Pac. 385.

The information has been carefully examined and studied, and we find that it charges the defendant was a

delinquent personal tax collector of Pottawatomie county, Okla., and as such delinquent personal tax collector was charged and intrusted with the authority to collect, receive, and hold in his possession and under his control moneys collected by him as said delinquent personal tax collector; that he collected certain sums of money, and that he was charged with the control, disbursement, safe-keeping, and transfer of said public money and funds, and that he did wrongfully, unlawfully, and feloniously convert and appropriate to his own use and benefit and to the use and purpose not in the lawful execution of the aforesaid trust as delinquent personal tax collector of Pottawatomie county, Okla., a part of said money or funds so collected and held in trust and intrusted to him by virtue of his said office, to wit, the sum and amount of the value of $13,341.37.

The proof shows that the defendant entered into a contract with the county commissioners by which he was to collect delinquent personal taxes, and the evidence shows he collected moneys for such taxes from different individuals in the county for which he failed to account.

The information sufficiently charges the crime of embezzlement under section 7761, O. S. 1931 (19 Okla. St. Ann. § 641), and the instructions of the court correctly advised the jury as to the law applicable to the facts. This defendant did not take the stand. The only testimony offered by him was testimony as to his previous good character.

The defendant contends that the evidence of the state is insufficient, and fails to sustain the allegations of the information. Section 3062, O. S. 1931 (22 Okla. St. Ann. § 834), provides:

"On the trial of an indictment or information, questions of law are to be decided by the court, and the questions of fact are to be decided by the jury; and, although the jury have the power to find a general verdict, which includes questions of law as well as of fact, they are bound, nevertheless, to receive the law which is laid down as such by the court."

The question of the sufficiency of the evidence has been before this court and considered in many cases, and this court has universally held:

"Where there is evidence from which a jury may reasonably and logically find the guilt of an accused, the weight and credibility of such evidence is for the jury, who see and observe the witnesses, and this court will not substitute its judgment in such case for that of the jury." Parnell v. State, 39 Okla. Cr. 361, 265 Pac. 660.

Conflicting issues of fact are for the sole determination of the jury. Adams v. State, 54 Okla. Cr. 363, 21 Pac. (2d) 1075; Tillery v. State, 23 Okla. Cr. 226, 214 Pac. 198; Taylor v. State, 21 Okla. Cr. 351, 207 Pac. 746; Pickett v. State, 35 Okla. Cr. 60, 248 Pac. 352; Humberd v. State, 56 Okla. Cr. 23, 32 Pac. (2d) 954; Coats v. State, 56 Okla. Cr. 26, 32 Pac. (2d) 955; Kisselburg v. State, 56 Okla. Cr. 46, 33 Pac. (2d) 236; Clemmer v. State, 56 Okla. Cr. 354, 40 Pac. (2d) 37; Choate v. State, 37 Okla. Cr. 314, 258 Pac. 360; Campbell v. State, 23 Okla. Cr. 250, 214 Pac. 738; Robinson et al. v. State, 60 Okla. Cr. 443, 65 Pac. (2d) 212.

The defendant did not offer any evidence denying that he, as delinquent personal tax collector of Pottawatomie county, had not received the money which he was alleged to have embezzled.

The information in this case clearly stated facts sufficient to advise the defendant of the charge he was called

upon to meet, and the evidence is sufficient to sustain the allegations in the information. It is not controverted by the defendant that he was appointed by the commissioners of Pottawatomie county, delinquent personal tax collector, to collect the delinquent taxes and pay the money collected into the county treasurer.

"Where one is charged with embezzlement of funds belonging to a county, he will not be heard to say that such funds were unlawfully acquired by him." Greenwood v. State, 57 Okla. Cr. 271, 47 Pac. (2d) 885; Waldock v. State, 42 Okla. Cr. 331, 276 P. 509.

The other errors assigned by the defendant and not discussed in his brief have been carefully examined by the court and found to be without merit. It is clearly shown that the defendant collected the sum of money alleged to have been embezzled, and appropriated it to his own use or failed to deposit it with the county treasurer of Pottawatomie county, the purpose for which it was collected.

After a careful examination of the entire record, we are satisfied that there are no reversible errors. The defendant was accorded a fair and impartial trial. The court correctly advised the jury as to the law applicable to the facts. The case is affirmed.

DOYLE and BAREFOOT, JJ., concur.