## ADDIE KIMBROUGH v. STATE.

No. A—9306. Aug. 19, 1938.

(82 P. 2d 245.)

Eaton & Wheeler, of Okmulgee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, P. J. The parties in this opinion will be referred to as they appeared in the trial court. The defendant, Addie Kimbrough, was by information charged with the crime of murder, was tried, convicted of manslaughter in the first degree, and his punishment fixed at 60 years in the state penitentiary. Motion for new trial was filed, considered, overruled, exceptions duly saved and the defendant has appealed.

This case was filed in this court on April 15, 1937. In his petition in error the defendant assigned 21 errors alleged to have been committed by the trial court. After a careful reading and study of the record it is only deemed necessary to consider the tenth assignment: "That the verdict is contrary to both the law and the evidence."

No brief has been filed by the defendant in support of his assignments of error. The killing, as shown by the proof and allegations in the information, occurred on July 19, 1936, at a negro picnic in Okmulgee county, near the home of the defendant. The state's evidence in substance is that Alex Rolland had trouble with a negro man by the name of Taylor and drew his pistol on Taylor, and as Taylor started to run Rolland fired several times at him; that the defendant came up about the time Rolland was shooting at Taylor and went away and immediately came back with his pistol and shot Rolland, and after Rolland fell shot him again.

This testimony is denied by the defendant and some of his witnesses; they state he went up to where Rolland was and insisted he put up his gun and Rolland fired at the defendant and the defendant then shot Rolland in self-defense.

The defendant admits he killed Rolland, and his defense is that Rolland shot at him first, which the state's witnesses all deny, and say that Rolland did not try to shoot the defendant.

This court has repeatedly held that where the evidence is conflicting the issue of facts are for the sole determination of the jury. Adams v. State, 54 Okla. Cr. 363, 21 P. 2d 1075; Humberd v. State, 56 Okla. Cr. 23, 32 P. 2d 954; Coats v. State, 56 Okla. Cr. 26, 32 P. 2d 955; Kisselburg v. State, 56 Okla. Cr. 46, 47, 33 P. 2d 236.

Section 3062, O.S. 1931, 22 Okla. St. Ann. § 834, in part is as follows: "The questions of fact are to be decided by the jury."

The jury heard the testimony and had an opportunity to judge the demeanor of the witnesses on the stand and their interest or lack of interest in the conviction of the defendant, and decided the issues against the defendant. This court will not disturb the finding of the jury where there is any competent testimony to warrant the jury in returning a verdict of guilty.

The defendant was accorded a fair and impartial trial. There are no fundamental or prejudicial errors in the record. Under the testimony in this case, the jury was warranted in returning a verdict of guilty. The judgment of the trial court is affirmed.

DOYLE and BAREFOOT, JJ., concur.