G. M. COBURN v. STATE.

No. A-9706.   Oct. 2, 1940.

(106 P. 2d 533.)

John W. Whipple, of Stillwater, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and L. J. York, Co. Atty., of Stillwater, for defendant in error.

BAREFOOT, J.  The defendant was charged in the district court of Payne county with the crime of felonious possession of intoxicating liquor after a previous conviction; was tried, convicted and sentenced to pay a fine of $100 and serve 90 days in the county jail, and has appealed.

The facts in this case, briefly stated, are that Deputy Sheriff Louis Smith of Stillwater, Payne county, Okla., received a phone call, and in company with Warren Graham, a city policeman, proceeded to the home of T. J. Sloan, who is the next door neighbor of the defendant, G. M. Coburn.  Their residences were about one and three-quarters miles from the city of Stillwater, and just out of the city limits, but near the Oklahoma Agricultural and Mechanical College.  They lived about 250 feet apart.

The witness Smith got out of the car and was engaged in conversation with Mr. Sloan when Mr. Graham, who was sitting in the car, tapped on the windshield and called him.  Both of these witnesses then saw defendant leave his home, go to the rear of his premises, and go through an opening in the fence to an abandoned field which was the property of Mr. Moffitt, and get down on his knees and begin taking bottles from his pockets, and then place them in the ground and place grass over them.  Both officers testified that they saw the bottles; and the sun was shining and they could distinguish the color; and that

both came to the conclusion it was whisky. They proceeded to the premises of the defendant, and drove into the driveway; and the defendant was returning from the place where they had seen him. Officer Graham, according to his testimony, immediately placed him under arrest, and searched him, and found a pint bottle of whisky on his person, some of which had been used.

Officer Smith proceeded to where they had seen defendant, and called Mr. Graham, and he went to the place; and they found three "caches" or places where liquor was hidden. Four pints were found in one place, three pints in another, and four quarts in another. Grass had been placed over the liquor to conceal the same. The four quarts were hidden in an old ice cream freezer. The brands of the whisky were: "Old Mr. Boston," "Old Club," and "Hiram Walker," all tax-paid whisky. The bottle taken from the person of the defendant was "Old Club."

Officer Graham, who testified the defendant had followed him to the place where the liquor was found, testified the defendant said, "You are just stealing my whisky."

Defendant was taken to the county jail and placed therein, and charged as hereinbefore stated.

Defendant, testifying in his own behalf, denied either possession or knowledge of the whisky found on the Moffitt place, and said that the pint found on his person was for his own use, and had been purchased in the city of Stillwater. He was using it for a goiter which he had. He admitted that he just returned from the Moffitt place when the officer arrested him, but explained that he had gone there for the purpose of driving some chickens onto his place, and also testified that he was bent over to take a weed from his shoe, and that was probably when the officers saw him. He also testified that the officer searched him immediately; and that he was not placed under arrest

until the whisky was found on his person. On cross-examination he testified that he had been previously charged, convicted, and had served a sentence for unlawful possession of intoxicating liquor, in Payne county, in 1934.

His neighbor, Mr. Sloan, testified that he and defendant measured the distance from where the officers said that the place where the liquor was found was located, and it was 500 feet.

Evidence was given with reference to a tree being between the place where the officers were and where the liquor was found; also some woven wire fence.

The officers testified that their sight was not obstructed by any fence or trees; and that they could distinctly see defendant and the bottles of whisky which he was hiding.

It was admitted by counsel that defendant had been convicted and had served a sentence for unlawful possession of intoxicating liquor in Payne county in 1934.

The officers testified that they did not have a search warrant for the person or premises of the defendant; but that he was arrested for the commission of a crime in their presence.

For reversal of this case, it is contended by defendant that the court erred in overruling defendant's motion to quash the information on the ground that sufficient evidence was not taken in the preliminary examination to warrant or justify the defendant being bound over to the district court for trial. To support this contention, it is argued that the officers not having a search warrant to search either the person or premises of the defendant, was fatal, and that for this reason defendant could not have been charged and convicted.

At the hearing on the motion to suppress, the evidence offered at the preliminary trial was introduced; and it was practically the same as introduced at the trial of this case, and as has been above outlined.

In the first place, the greater part of the liquor was found on the premises of Mr. Moffitt, and not on the premises of the defendant; and under the previous decisions of this court, defendant cannot raise the question of the validity of the search warrant under this state of facts. White v. State, 33 Okla. Cr. 428, 244 P. 450; Penrod v. State, 38 Okla. Cr. 46, 258 P. 1052, 1053; Hall v. State, 39 Okla. Cr. 254, 264 P. 221; Williams v. State, 56 Okla. Cr. 66, 33 P. 2d 234; Stump v. State, 66 Okla. Cr. 391, 92 P. 2d 616; Boardwine v. State, 64 Okla. Cr. 49, 76 P. 2d 1081; Remus v. United States, 6 Cir., 291 F. 501.

It is argued by the defendant that by reason of the distance, 500 feet from where the officers were and where the whisky was found, it would have been impossible for the officers to have seen the defendant and known it was whisky; and at this distance crime could not have been committed in their presence. This was a question of fact for the jury to decide, under all the facts and circumstances. The distance could not have been decided as a matter of law. Certainly, if the officers saw someone shoot another at this distance, they would have the right to arrest. Had the officers not seen the defendant hiding the whisky, there would not have been any attempt on their part, in all probability, to search the premises or person of defendant without having a search warrant.

They testified they were making an investigation after being called on the phone. If a crime was committed in their presence while making this investigation, they certainly had a lawful right to make the arrest. There was no attempt on their part to search the premises of

334

defendant, but only his person, after his arrest. This was a proper precaution on the part of the officer, and a right which he had under the law.

It is also contended that the court erred in failing to sustain defendant's objection to certain incompetent, irrelevant, and immaterial testimony. We have examined this testimony and are of the opinion that no error was committed by the court in the admission of evidence.

It was also contended that the court erred in making a remark to the jury as they retired: "I would appreciate it if you did not take any more time on this case than is necessary, as we have another coming up, and you might be needed as jurors in that case." There is nothing in the record to show that this statement was made by the trial court; and no exceptions were, in any way, taken to anything the court said or to the instructions given by the court. The only place that this statement appears is in defendant's motion in arrest of judgment. Under the decisions of this court, this would not have been reversible error if made and no exception taken. Young v. State, 39 Okla. Cr. 100, 263 P. 167, Bird v. State, 22 Okla. Cr. 263, 210 P. 925.

Finding no error, the judgment of the district court of Payne county is affirmed.

DOYLE, P. J., and JONES, J., concur.