## WILLIAM RABY v. STATE.

No. A-10478.   Oct. 31, 1945.

(163 P. 2d 239.)

Harry C. Kirkendall, of Enid, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and James G. Welch, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant, William Raby, was charged by information filed in the county court of Garfield county with the unlawful transportation of intoxicating liquor; was tried, convicted, and sentenced to serve 90 days in the county jail and pay a fine of $100 and costs, and has appealed.

The only assignment of error presented by counsel for defendant is that the court erred in overruling the motion to suppress evidence.

At the hearing on the motion to suppress evidence, the testimony showed that the defendant, at the time in question, drove up in front of the Baker Hotel in the city of Enid and double-parked his automobile. One of the hotel porters approached him. The defendant opened the door and said, "Here it is," motioning to a suitcase which contained a case of whisky. The hotel porter took the suitcase and defendant left. A deputy sheriff had parked his automobile a short distance away just before the defendant arrived at the hotel. He saw the porter

struggling with the heavy suitcase and saw him set it down on the sidewalk. As the officer approached the negro porter, he asked him, "What you got in that bag?" To which the porter replied, "Whisky." The officer then took the porter and the traveling bag to the sheriff's office, where the bag was opened and disclosed 24 pints of whisky.

After the defendant left the hotel, he drove to the home of the head porter of the Baker Hotel, advised him that he had delivered a case of whisky, and the head porter paid him the sum of $80 for the case of whisky. After being paid for the whisky, the defendant drove to his home in the city of Enid, at which place he was arrested by the officers. The defendant was not a registered guest at the hotel. The deputy sheriff who seized the whisky did not have a search warrant.

It is contended by defendant that the constitutional immunity which an individual has against an unlawful search and seizure applies not only to the person of the individual but to his baggage and personal belongings and that the search by officers of his baggage without a search warrant upon mere suspicion was an unlawful search and seizure.

As we view the record, it is unnecessary to decide the contention presented by the defendant for these reasons:

First, the defendant was charged with unlawful transportation and not with the illegal possession of intoxicating liquor. Second, he had parted with the possession and, also, the title to the whisky at the time the officer stopped the porter. In this connection, the proof showed that defendant immediately after the delivery went to the head porter, told him he had delivered the

whisky and was paid the sum of $80. The facts are not comparable to those where a guest of a hotel delivers his baggage to a porter to be carried to his room. In that case, the guest or prospective guest retains constructive possession of the baggage. In the instant case, the defendant did not retain constructive possession of the baggage but delivered the same to the porter who took it as the agent of the head porter who was buying the whisky. The head porter had called the porter who took the whisky from the defendant prior to the defendant's arrival at the hotel and advised him that the defendant was bringing a case of whisky and for him to meet the defendant in front of the hotel to secure the liquor.

This court has often held that the immunity against unlawful searches and seizures under the Constitution is personal and one accused will not be heard to object that the search of property or premises of another is a violation of the constitutional rights of the accused. Bynum v. State, 40 Okla. Cr. 352, 268 P. 993; White v. State, 33 Okla. Cr. 428, 244 P. 450; Tacker v. State, 72 Okla. Cr. 72, 113 P. 2d 394; Freeman v. State, 72 Okla. Cr. 137, 113 P. 2d 843.

Furthermore, when the negro porter told the officer that he had whisky in the suitcase, it was an admission of guilt and constituted grounds for the officer arresting the accused and searching the baggage for evidence of a crime committed in his presence. Nott v. State, 70 Okla. Cr. 432, 107 P. 2d 366.

The judgment of the county court of Garfield county is affirmed.

BAREFOOT, P. J.. concurs. DOYLE, J., not participating.