## LEE KINNEY et al. v. STATE.

No. A-5146.    Opinion Filed Oct. 24, 1925.
(240 Pac. 325.)

Morris & Tant, for plaintiffs in error.

George F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

EDWARDS, J. From a conviction in the county court of Oklahoma county on a charge of possession of intoxicating liquor with intent to sell, the plaintiffs in error, hereinafter called defendants, have appealed.

The only assignment of error argued in the brief is that the conviction was had on evidence obtained by an illegal search. The record discloses that two negro police officers went to the residence of the defendant Kinney, a negro, ostensibly to examine an automobile or automobiles parked near the rear of the house. After making such examination of the cars as they desired, they ascended into a screened porch in the rear of the residence of the defendant Kinney, and looked through the glass door, and saw the defendant pouring liquid from a 5-gallon jug into a gallon jug held by the defendant Hoskins. They thereupon entered the building, pistol in hand, seized the liquor, and arrested the defendants, and, upon search, discovered some 8 or 10 gallons of corn whisky, including that in the hands of defendants.

The police officers had no warrant for arrest nor search warrant, and did not see the defendants in the commission of any offense until they had entered the screened porch and looked through the door. The defendants objected to the introduction of this testimony, for the reason that it was acquired by an illegal invasion and search of the residence of the defendants. They offered no testimony. The evidence, if properly admitted, clearly establishes the guilt of the defendants, but, if it is a violation of the constitutional rights of the defendant, the case must be reversed.

Section 30, art. 2, Bill of Rights, of our Constitution, in part reads:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated. * * *"

Section 7013, Comp. St. 1921, provides that no warrant shall be issued to search a private residence occupied as such unless it or some part of it is used as a store, shop, hotel, boarding house, or place of public resort, and section 7014, provides that an officer may arrest without a warrant for any violation of the liquor law occurring in his presence, and in such case may seize the liquor unlawfully used in violation of the law.

Under the evidence before us, the officers had seen no violation of the law until they had entered upon the porch of the residence of defendants and looked through the door. They were at the time engaged in violating the constitutional rights of the defendants, and the evidence acquired by them in so doing was illegally obtained.

The police officers did not have the right, without a valid search warrant or without having seen the defendants engaged in the commission of an offense, to enter upon any part of the residence of the defendants, and any evidence acquired by them by such invasion was illegal, and, upon timely objection, should have been excluded. The failure of the court to exclude this testimony is reversible error. Gore v. State, 24 Okla. Cr. 394, 218 P. 545; Committi v. State, 28 Okla. Cr. 385, 231 P. 316; Baker v. State, 28 Okla. Cr. 408, 231 P. 320.

The case is reversed and remanded, with instructions to the lower court to dismiss.

BESSEY, P. J., and DOYLE, J., concur.