S. E. ELLIGE et al. v. STATE.

No. A-6034.  Opinion Filed Feb. 25, 1928.
(264 Pac. 220.)

J. H. Hays, for plaintiffs in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J.  The plaintiffs in error, S. E. Ellige and A. J. Stump, hereinafter called defendants, were convicted in the county court of Love county on a charge of manufacturing intoxicating liquor, and were each sentenced to pay a fine of $75 and to serve a term of 30 days in the county jail.

The defendants and T. T. Ellige were jointly charged. Prior to the trial T. E. Ellige died. Proof of this fact being made, the prosecution as to him abated. The record discloses that at the time charged a still in operation was found by the sheriff and his deputies on the farm of T. T. Ellige about 60 or 70 yards from the residence in a wooded spot, concealed by underbrush. Three or four gallons of whisky were also found there. The defendant Stump and T. T. Ellige were at the still. Defendant S. E. Ellige was near, drawing water from a well and pouring it in a barrel, which was connected by a hose with the still. Stump was stoking the furnace. Neither of the defendants took the stand. Near the close of the state's case, after considerable evidence had been adduced, the objection was made that the evidence was incompetent by reason of having been procured without a search warrant. This objection is not tenable, for several reasons: First. The objection was not timely, but was not made until near the close of the state's testimony. Second. It is to be doubted if the objection would have been available if made at any time, since the still was not located at or in the immediate proximity of the dwelling house, but in secluded woodlands 60 or 70 yards from the residence. Third. The still was not on the property of either of the defendants on trial, but on the property of T. T. Ellige, as to whom the prosecution was abated. It is well settled that the right to complain of an illegal search is personal, and is not available to one not the owner of the premises or property searched or to one who disclaims ownership. Penrod v. State, 38 Okla. Cr. 46, 258 P. 1052; Cornelius on Search and Seizure, § 12.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.