## JOHN WARD v. STATE.

No. A-6367.   Opinion Filed July 28, 1928.
(269 Pac. 389.)

378

L. A. Wallace, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Okmulgee county on a charge of having the unlawful possession of whisky, and was sentenced to pay a fine of $50 and to serve 30 days in the county jail.

The record discloses that defendant was a night clerk and porter at the Antlers Hotel, a rooming house in the city of Okmulgee, which was operated by one Mrs. Tolbert. On the date charged, two deputy sheriffs went to this rooming house to look for one Ramstead. They had no warrant nor search warrant. They testified, in substance, that when they arrived there they talked with defendant, who was in the hallway. They inquired for Ramstead, and, being informed he was not there, they went away and in a few minutes returned and found defendant in the hallway with some whisky in half-pint bottles in a tub of trash. They arrested him and seized the whisky, which was introduced in evidence. Mrs. Tolbert, who operated the rooming house, testified when the officers came there she was behind the counter and saw them go down the hall and return with defendant and a tub containing trash and old paper. Defendant testified that when the officers first came to the

rooming house they inquired for a Mr. Ramstead, and he informed them that Ramstead was not there; that one of the officers then told him they were going to raid the place and if he had any whisky to get it under cover. They went away then, and defendant, knowing where there was some whisky in the front end of the hallway, went to the trash barrel and was in the act of putting some trash in the barrel when the officers returned and inquired what he had in the tub, and he told them it was whisky, and reminded them they had told him to get rid of it; that he was intending to take the whisky down and burn it with the trash; that he did not own the whisky, and had nothing to do with it, but it belonged to an oil field worker who had put it there some time before, intending to distribute it among other workers when they came in. This is briefly the substance of the evidence offered by the state and defendant.

The three assignments of error are directed to one question, that the evidence was obtained by an illegal search and is incompetent. It is argued that the record discloses the second visit of the officers was for the purpose of making a raid without a search warrant; that their acts were illegal, and any evidence obtained by them while trespassers is not admissible, citing Kinney v. State, 32 Okla. Cr. 115, 240 P. 325. The Kinney Case refers to a private residence occupied by the defendant. In this case the officers were in a public rooming house in the hallway. The rooming house was not the property of defendant, and he is not in a position to complain that the officers invaded the property of some other person. If they had entered the private room of defendant at the rooming house, a different question would be presented. It cannot reasonably be contended that an employee of a public rooming house can complain that an officer may not testify to matters coming under his observation in the hallway, although he may have entered the hallway as a trespasser without the consent of the proprietor. Williams v. State, 35 Okla. Cr. 171, 249 P. 433;

Brannon v. State, 39 Okla. Cr. 207, 264 P. 835; Strickland v. State, 40 Okla. Cr. 94, 267 P. 672.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.