## SEIDEL ROGERS v. STATE.

No. A-9803. May 14, 1941.
(113 P. 2d 606.)

Glen O. Morris, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. The defendant, Seidel Rogers, was charged by information with the unlawful possession of intoxicating liquor in the court of common pleas of Oklahoma county on June 12, 1939; was tried, convicted and sentenced to serve a term of 45 days in the county jail and to pay a fine of $50, from which judgment and sentence he appeals to this court.

On June 6, 1939, the premises at 305 West Reno street, Oklahoma City, Okla., were searched and defendant was charged with unlawful possession of two one-half gallons of intoxicating liquor.

Defendant contends that his motion to suppress the evidence should have been sustained because of illegal search and seizure, and that the evidence is insufficient to support the verdict.

Upon his motion to suppress, the defendant denied possession of whisky and stated that he did not live at 305 West Reno. Under the defendant's statement, the motion was properly overruled, since this court held in White v. State, 33 Okla. Cr. 428, 244 P. 450:

"It seems to be well settled that a person, not being the owner or proprietor of the premises searched by virtue of a search warrant, and not claiming any interest in the property so found, cannot complain upon the trial of the alleged illegal search, nor object to the introduction of evidence thus obtained."

See, also, Luton v. State, 47 Okla. Cr. 82, 286 P. 350; Dyer v. State, 61 Okla. Cr. 202, 66 P. 2d 1104; Boardwine v. State, 64 Okla. Cr. 49, 76 P. 2d 1081; Tacker v. State, 72 Okla. Cr. 72, 113 P. 2d 394.

The state offered the testimony of the arresting officer, Isenhour, that defendant poured the contents of two one-half gallon fruit jars into the sink before he could stop him. That about a dram was left in one of the jars,

and it was corn whisky. Defendant stated to the officer that he was trying to make a living for his family, and was selling short drinks. Less than a pint of liquid was taken from the drain pipe of the sink. This was identified and offered in evidence. The testimony showed that it was corn whisky. It was stipulated that Officer Davis would testify to substantially the same facts as Officer Isenhour.

Defendant denied possession of the whisky, and stated that the empty fruit jars were on the sink when the search was made. He stated that the liquid offered in evidence looked different from the contents of the drain pipe.

The evidence is sufficient to support the verdict. Blair v. State, 55 Okla. Cr. 280, 29 P. 2d 998.

Finding no error, the case is affirmed.

BAREFOOT, P. J., concurs. DOYLE, J., absent.