## MARVIN SPARKS v. STATE.

No. A-9852.   Aug. 6, 1941.
(116 P. 2d 219.)

Willis R. Stark, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant, Marvin Sparks, was charged in the common pleas court of Oklahoma county with the unlawful possession of intoxicating liquor; a jury was waived; defendant was tried, found guilty, and sentenced to serve 30 days in the county jail and to pay a fine of $50, and he has appealed to this court.

The attorney for the defendant, since the filing of the appeal, has joined the armed forces of this nation, and by agreement this cause was submitted upon the record, oral argument and briefs having been waived.

We will consider the only contention made by counsel for defendant in his petition in error, to wit:   The evidence obtained by the officers was obtained by an illegal

search, and the evidence thus procured was not admissible against the defendant in the trial of said case.

The defendant was charged with the possession of 1,700 pints of whisky. At the beginning of the trial, the defendant filed a motion to suppress the evidence secured under the search warrant for the reason said search warrant described a "one story frame house and out buildings, being the second house south of East Reno avenue on the east side of State Street," but that the officer executing the search warrant had searched "the third house south of East Reno avenue," and that the defendant lived in the third house south of East Reno avenue, and that since the search warrant did not properly describe the premises where the defendant was living, that the evidence obtained under said search warrant should be suppressed.

At the close of the hearing on the motion to suppress the evidence, the court sustained the motion as to the whisky which was procured in the house where the defendant lived for the reason that the search warrant did not describe that house.

The trial proceeded upon the evidence pertaining to the whisky obtained by the officers in a vacant house, adjacent to the lot upon which the defendant's house was situated, and in which vacant house the officers found approximately 1,700 pints of whisky. In the trial of the case, the testimony of the officers with reference to the procuring of this whisky in the vacant house was not objected to and in no way was the legality of the search challenged.

On the motion to suppress the evidence the defendant swore that he had purchased two carloads of whisky of assorted brands and had placed them in the vacant house, next door to his home. He swore that he did not rent this house and did not have possession of it, but that the whisky

was his, and that he had bought it for the purpose of selling it to anyone who wanted to buy it.

The officers testified that after searching the defendant's house and finding some whisky, they went out on the back porch and noticed a trail leading to the vacant house, and that they walked over to the vacant house; the door was open and they saw several hundred pints of whisky in case lots on the floor. The defendant, when questioned by the officers concerning the house next door before they proceeded over there, told the officers that the house was unoccupied, and that no one lived there. After finding the whisky, the officers again questioned the defendant, and he admitted that the whisky belonged to him.

The defendant offered no evidence.

The house in which the whisky, upon which the conviction was sustained, was found, was not a part of the defendant's residence, and, according to his own testimony, did not belong to him, was not rented by him, and was not in his possession at the time the whisky was found; and under the uniform holdings of this court, he was not in a position to complain of the admission of this evidence.

In the recent case of Tacker v. State, 72 Okla. Cr. 72, 113 P. 2d 394, 395, the second paragraph of the syllabus is as follows:

"Constitutional provisions guaranteeing one immunity from unlawful search and seizure is personal, and one accused will not be heard to object that the search of the property or premises of some third person is a violation of his constitutional rights. Oklahoma Statutes Annotated, Constitution, article 2, section 30."

In Freeman v. State, 72 Okla. Cr. 137, 113 P. 2d 843, 844, this court again declared:

"This court has many times held that the constitutional provisions guaranteeing one immunity from unlaw-

ful search and seizure is personal to the occupant of the premises involved; and one accused of crime will not be heard to object that a search is unlawful where the accused denies that he owns or has possession of the property or premises searched." Tacker v. State, supra; Rogers v. State, 72 Okla. Cr. 123, 113 P. 2d 606; Chanosky v. State, 52 Okla. 476, 153 P. 131; Hall v. State, 39 Okla. Cr. 254, 264 P. 221.

Under the record, the evidence was properly admitted, and we find no errors committed by the court in the trial of this case.

The punishment received by the defendant was very light, considering the exceedingly large number of bottles of whisky found by the officers. Defendant is fortunate that he did not receive the maximum penalty instead of the minimum penalty provided by the statute.

The judgment of the court of common pleas is affirmed.

BAREFOOT, P. J., concurs. DOYLE, J., absent.