### FRED RAUSCH v. STATE.

No. A-10111.   Nov. 18, 1942.

(131 P. 2d 133.)

Lloyd C. Colter, of Nowata, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and D. N. Tillotson, Co. Atty. of Nowata County, of Nowata, for defendant in error.

BAREFOOT, P. J.   Defendant, Fred Rausch, was charged in the county court of Nowata county with the crime of unlawful possession of intoxicating liquor, to

wit: 23 pints and one quart of whisky; was tried, convicted and sentenced to pay a fine of $100 and to serve 30 days in the county jail, and appeals.

Before stating the legal contentions for reversal of this case, we find it necessary to give a brief statement of the facts. Defendant, Fred Rausch, resided in the city of Nowata and the premises he occupied belonged to his brother, L. S. Rausch, and the title to the property was in his brother's name. Situated on these premises and located about 150 to 200 feet from defendant's home there was a building in which was located certain machinery and it was known as the L. S. Rausch Tank Company. Defendant did not own or operate this company, but it belonged to his brother, L. S. Rausch. The evidence in the record reveals that defendant had an agreement with his brother, L. S. Rausch, that he could use or occupy any part of this building that was available for the purpose of storing property therein. In payment of this right defendant was to pay his brother in garden truck raised by him on the premises.

The sheriff of Nowata county received information that caused him to believe certain intoxicating liquor was stored on the premises known as the L. S. Rausch Tank Company. Instead of securing a search warrant to search the same, he went toward the building on the public highway. He was accompanied by Sam Cambron. When he arrived at a point near where the building was located, he left the public highway and went upon the private premises and knelt down on his knees and looked through a window and there observed, as he testified, a bottle of whisky sitting on a table. He left Mr. Cambron there and went to procure a search warrant and returned and searched the premises and also the home of defendant. No intoxicating liquor was found in defendant's home

but 23 pints and one quart of whisky were found in the building known as the L. S. Rausch Tank Company.

It is admitted by all parties that the search warrant secured by the sheriff was illegal and void for the reason that it did not properly describe the premises sought to be searched. There is no attempt on the part of the state to uphold the legality of the search warrant for that reason, but it is contended: First, that it was unnecessary to have a search warrant for the reason that the intoxicating liquor was seen by the sheriff, and that, therefore, a misdemeanor was committed in his presence and a search warrant was not necessary; second, that the defendant cannot question the legality of the search warrant for the reason that he was not the owner of the premises searched and could not, therefore, object to the search thereof.

The first contention is based upon Oklahoma Statutes 1931, section 2780, O. S. A. (Stat. 1941), Title 22, § 196, which is as follows:

"Arrest without warrant by officer.—A peace officer may, without a warrant, arrest a person:

"1. For a public offense, committed or attempted in his presence."

And upon the decisions of this court construing the same. Barfield v. State, 68 Okla. Cr. 455, 99 P. 2d 544; Matthews v. State, 67 Okla. Cr. 203, 93 P. 2d 549; Tacker v. State, 72 Okla. Cr. 72, 113 P. 2d 394; Nott v. State, 70 Okla. Cr. 432, 107 P. 2d 366.

However, the facts in this case are not the same as in the cases relied upon. In those cases offenses were committed in public places and in the presence of officers who had a legal right to be where they were. Here the officer went upon the private premises which were in possession of defendant and stooped down on his knees

and looked through a window where he says he observed a bottle of whisky sitting upon a table. There was no one present at the time that he observed this bottle. This did not, in our opinion, constitute a violation of law in his presence as contemplated by the statute above quoted.

As to the second contention, the state relies upon the decisions of this court that the right of search is personal and that a defendant will not be heard to complain of the search of premises which he does not own or control or of which he does not have possession. Cases relied upon are the following: Freeman v. State, 72 Okla. Cr. 137, 113 P. 2d 843; Sparks v. State, 72 Okla. Cr. 330, 116 P. 2d 219; Tacker v. State, supra; Rogers v. State, 72 Okla. Cr. 123, 113 P. 2d 606.

An examination of these cases reveals that in each instance the defendant not only did not own the property, but he did not have control or possession of the same. The uncontradicted evidence here reveals that defendant had possession of the premises, with the right to store therein any property which he desired. There was no showing that he did not have possession of the property, other than to show that his brother had title thereto.

For the reasons above stated, the judgment of the county court of Nowata county is reversed and defendant ordered discharged.

DOYLE and JONES, JJ., concur.