## AKERS v. STATE.

No. A-11011.   Nov. 9, 1949.

(212 P. 2d 170.)

Hughes & Hughes, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Floyd Akers, was charged by information filed in the county court of Jackson county with the unlawful possession of intoxicating liquor, was tried, convicted and sentenced to serve 30 days in the county jail, and pay a fine of $100 and costs, and has appealed.

It is contended that the trial court erred in overruling the motion to suppress evidence filed and presented by the defendant prior to the commencement of the trial.

A search warrant was issued for the premises of the defendant, Floyd Akers, which were described in the warrant as being certain buildings, dugouts, and out houses, situated on lots one and two in block one, in the original town of Olustee in Jackson county, Okla.

It was the contention of the defendant that his residence was situated on lots one, two, three, and four, of block one; that a small portion of his residence was situated on lot one, and the house was situated on lots two, three, and four; that the intoxicating liquor was located on lot three and therefore the warrant was not sufficient to authorize a search on block three where the intoxicating liquor was found. Furthermore, that Pat Reeves, the son-in-law of defendant, occupied that portion of the house which set on lot three, and that the officers were without authority to search the living quarters of Pat Reeves.

There was some conflict in the evidence as to the exact location of the house of defendant. J. W. Russell, deputy sheriff, testified that the house was on lots one and two of block one. It appears from the examination of the defendant that the defendant and his family, and his son-in-law and his family all use the same kitchen.

The defendant swore on the motion to suppress evidence that he had rented two bedrooms to his son-in-law. The kitchen was at the west end of the hallway which led from the livingroom and separated that part of the house in which the defendant contended he and his family lived from the bedrooms which the defendant claimed were occupied by his son-in-law.

It appears that the officers discovered a loose board in the doorway between the bedroom on the south side of the hall and the hall itself, and that by lifting up the loose board the officers found a large quantity of intoxicating liquor, consisting of 98 pints of mixed brands of whisky, three quarts of wine, four pints of dry gin, and one-half four-fifth quarts of whisky.

The defendant testified that a part of the property which he rented to his son-in-law was on lot two. In Freeman v. State, 72 Okla. Cr. 137, 113 P. 2d 843, it is held:

"The constitutional provision guaranteeing one immunity from unlawful search and seizure is personal to the occupant of the premises involved; and one accused of crime will not be heard to object that a search is unlawful where the accused does not contend that he owns or has possession of the property or premises searched."

Other cases to the same effect are Tacker v. State, 72 Okla. Cr. 72, 113 P. 2d 394; Sparks v. State, 72 Okla. Cr. 330, 116 P. 2d 219.

Since defendant denied that he owned the liquor and claimed that he did not have control of the premises where the liquor was found, under the authority of the above cases, he may not raise the objection that the search was unlawful.

Counsel further contend that the evidence is insufficient to support the conviction and asserts that the proof conclusively shows the liquor was found under that portion of the house located on lot three which was occupied by Pat Reeves and his family.

There was no testimony by the state to contradict the evidence of defendant that his son-in-law had been living in a part of the house, but the testimony of the defendant makes it clear there was no separate control of any of the house by the son-in-law. All of the parties freely moved from one part of the house to another. They all used the same kitchen and they both used the hallway which connected the kitchen with the rooms admittedly occupied by defendant and his wife with those allegedly occupied by Reeves. The liquor was found at the door which separated the hallway from the bedroom of Reeves, and the officers did not have to enter the bedroom to find and seize the liquor. The circumstances pointing to the guilt of the defendant, which included his admitted ownership of the entire house and the occupancy of a large part thereof, were sufficient to justify the submission of the case to the jury.

The judgment and sentence of the county court of Jackson county is affirmed.

BRETT and POWELL, JJ., concur.