## WALKER v. STATE.

No. A-11145.  Sept. 27, 1950.

(222 P. 2d 763.)

Hughes & Hughes, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J. This is a companion case to Drake v. State, pending herein on petition for rehearing but reported in 91 Okla. Cr. 142, 217 P. 2d 191, which petition for rehearing has been this day denied. 92 Okla. Cr. 253, 222 P. 2d 770.

Herein the plaintiff in error, Lee Walker, defendant below, was charged jointly with Floyd Drake and others by information with the crime of keeping and maintaining a clubroom on February 14, 1948, in violation of Title 37, § 6, O.S.A. 1941. Section 6 reads as follows, to wit:

"It shall be unlawful for any person, individual or corporate, to directly or indirectly, keep or maintain by himself or by associating or combining with others, any club room or other place in which any liquor, the sale of which is prohibited by the laws of Oklahoma, is received, kept or stored, for the purpose of selling, bartering, giving away, or otherwise furnishing, or for distribu-

tion or division among members of any club or association by any means whatsoever, and any person who shall sell, barter, give away, or otherwise furnish, distribute or divide any such liquor so received, kept or stored, shall be guilty of a felony and shall be punished by a fine of not less than Fifty ($50.00) Dollars, nor more than Two Thousand ($2,000.00) Dollars, and imprisonment of not less than Thirty (30) days in jail, nor more than Five (5) years in the penitentiary."

A severance was granted and defendant Walker was tried separately by a jury and convicted, his punishment fixed at a fine of $250 and 90 days in jail, judgment and sentence entered in accordance therewith, and this appeal perfected therefrom.

In this case, as in the companion cases, the defendant interposed a motion to suppress the evidence as having been obtained under an unlawful search and seizure. A hearing was had thereon and the court overruled the same but at the time of trial of the case on its merits he reversed his ruling and announced he would exclude all evidence from the trial which had been obtained under the search and seizure. No evidence obtained thereunder was presented to the jury. Hence, herein we are not confronted with the question of an unlawful search and seizure.

The record discloses the defendant was engaged in operating the New Orient Hotel Club Room in Room 427, in Altus, Oklahoma, on or about February 14, 1948, ostensibly for the benefit of the guests of the hotel. Membership in the club was gained by payment of a $1.00 fee, for which the members received a membership card. It appears that not all those who frequented the Club Room were members. But as to members, the record discloses the defendant dispensed a drink of liquor upon the purchase of membership in the club. There were 12 wit-

nesses who testified for the state. All of them testified they either were given a drink upon becoming a member, or were tendered such a drink. Some of the state's witnesses testified there was liquor kept in the Club Room behind the bar, over which the liquor was dispensed. Three of them testified, in addition to the foregoing, that they had bought drinks of liquor from the operators (the defendant Walker and his associate or employee Floyd Drake). A. G. Kaufman said he had bought three drinks of whisky at 50¢ a drink from both Walker and Drake.

Dean Blackstone testified that some of the drinks were given to him and he also bought some. Sometimes he said, he "drank gin, sometimes whisky", but that he had bought both of them up there.

Audie Derryberry testified that when he went to the clubroom, of which he was not a member, the first thing they did was "we bought a glass of whisky". He stated it was handed to him across the bar by Walker.

Walker, testifying alone for himself, said that if any liquor was sold he had nothing to do with it. He did admit, however, that he had given a friend or two of his a drink out of his own individual bottle. He denied giving members a drink out of the club stock, upon their purchase of a membership card. He stated the club was operated exclusively for the benefit of hotel guests and their friends. His denial in face of the state's case is most impotent.

First, the defendant contends the evidence in support of the charges as laid in the information is insufficient. In this connection the worst that can be said concerning the evidence is that it is conflicting but competent. We have repeatedly held that the finding of the jury on a disputed question of fact will not be disturbed on ap-

peal where there is competent evidence in the record to sustain their finding. Wheaton v. State, 85 Okla. Cr. 132, 185 P. 2d 931; Lowrey v. State, 87 Okla. Cr. 313, 197 P. 2d 637; Bell v. State, 86 Okla. Cr. 314, 192 P. 2d 714; Doser v. State, 88 Okla. Cr. 299, 203 P. 2d 451. Such is the situation as to this contention and it is therefore without merit.

Secondly, the defendant contends the court committed error in admitting incompetent evidence into the trial of the case to the defendant's prejudice. This evidence was in regard to certain gambling that occurred at the Club Room as part and parcel of the operations thereof. The defendant relies on Baldwin v. State, 11 Okla. Cr. 228, 144 P. 634, and Smith v. State, 5 Okla. Cr. 67, 113 P. 204, in support of the general rule to the effect that in the trial of a defendant upon a criminal charge, evidence of some other, independent crime, which evidence has no logical connection with the crime charged, is inadmissible. The facts herein involved, in relation to evidence of other crimes, has a logical connection with the crime charged, to wit, the maintenance of a club room where liquor is received, kept or stored for the purpose of selling, giving away, or otherwise furnishing, or for distribution or division among its members. Both gambling and the sale and distribution of liquor among the members was part and parcel of the objective of the operation of the club in Room 427, as revealed by this record. Other purposes of the club were merely incidental. In this connection, we said in Smith v. State, 83 Okla. Cr. 209, 175 P. 2d 348:

"To the general rule that the admission in evidence of other crimes, either prior or subsequent to the alleged offense is inadmissible, there are, however, certain exceptions which are as well recognized as the rule itself,

as, where the evidence tends directly or fairly to prove guilt of the crime charged, or to connect one with it, or where the crime charged and other offense are closely related or connected; or where such testimony is for the purpose of showing that it was a part of a system or common scheme or plan; or when proof of a separate offense is explanatory of the motive or intent of the offender in the commission of the offense charged."

In Doser v. State, supra, this court said:

"Evidence of other crimes is competent to prove the specific crime charged when it tends to establish a scheme or plan or as part of a general conspiracy or is a part of the res gestae * * *, or where it is so closely linked to the crime for which accused is on trial as to throw light on it."

In Bouyer v. State, 57 Okla. Cr. 22, 43 P. 2d 153, 154, this court said:

"Evidence is admissible that tends to prove the defendant guilty of the offense charged, even though it may tend to prove a different offense, when both offenses are so closely related or connected as to form a part of the res gestae.

"Evidence which is relevant to the issue is not rendered inadmissible by reason of the fact that it tends to prove the defendant guilty of an offense other than the one charged in the information."

See, also, Carmack v. State, 44 Okla. Cr. 171, 279 P. 964. Evidence of all of these things was closely related to and connected with the maintenance of such a club as prohibited by the statute herein involved and the same was clearly admissible as a part of the scheme and plan, and so closely linked to the crime for which the defendant was on trial as to constitute part and parcel of the crime itself. This contention is therefore without merit.

Finally, the defendant contends that the trial court committed error in failing to instruct on the limited purpose for which the evidence of the gambling activities might be considered on the charge brought under Title 37, § 6, O.S.A. 1941, covering the liquor angle of the operations as a nuisance. The record discloses the trial court failed to so instruct the jury. The record further shows that though the defendant requested the giving of three separate instructions covering his theory of the case, he wholly failed to request the giving of an instruction on this question. It also shows he never raised the question on his motion for new trial, and raises it for the first time herein. The evidence of the defendant's guilt is clear and convincing, and no injustice has been done. As was said in Dunbar v. State, 75 Okla. Cr. 275, 131 P. 2d 116, 122:

"It appears no request for instructions was made on the part of the defense, and that no such error is set forth in the motion for new trial. The record shows that this question is attempted to be raised for the first time in this court, and for this reason counsel for appellant has not properly raised the question.

"Only prejudicial errors raised by exceptions reserved require a new trial, and it is only where we are satisfied that the verdict is contrary to law, or to the evidence, or that injustice has been done, that we are permitted to reverse a conviction whether or not an exception has been taken in the trial court. (Title 22, § 1068, O.S.A. 1941.)

"The Code of Criminal Procedure provides the method of procedure for requesting instructions, and a defendant may submit to the court written instructions with the request that they be given, and how objections and exceptions shall be preserved. 22 O.S. 1941, §§ 831, 856.

"It has been repeatedly held by this court that it is the duty of counsel for defendant, where he is of the opinion that additional instructions should be given, to

reduce them to writing, and request that they be given. If he fails to do so a conviction will not be reversed, unless the court is of the opinion, in the light of the entire record and instructions of the court, that there was a failure to instruct upon some material question of law, and that the defendant has been deprived of a substantial right. Green v. State, 70 Okla. Cr. 228, 105 P. 2d 795; Lee v. State, 67 Okla. Cr. 283, 94 P. 2d 5; Adams v. State, 62 Okla. Cr. 167, 70 P. 2d 821; Pulliam v. State, 61 Okla. Cr. 18, 65 P. 2d 426; Russell v. State, 17 Okla. Cr. 164, 194 P. 242; Williams v. State, 12 Okla. Cr. 39, 151 P. 900."

The defendant has not properly preserved this objection and having suffered no injustice, for all of the above and foregoing reasons the judgment and sentence is accordingly affirmed.

JONES, P. J., and POWELL, J., concur.