## DRAKE v. STATE.

No. A-11146.    Sept. 27, 1950.

(222 P. 2d 770.)

Ryan Kerr and Gore & Gore, Altus, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J. On rehearing it has been called to our attention that by stipulation the evidence taken on the motion to suppress in Walker v. State, 93 Okla. Cr. 247, 222 P. 2d 766, a companion case to the case at bar, should be considered herein. Through some inadvertence we overlooked this stipulation. This is the only point of consequence raised in the petition for rehearing which might have altered the opinion heretofore rendered. However, after a careful review and analysis of the facts as set out in the opinion heretofore rendered we conclude the defendant Drake is in no position to claim immunity because of the unlawfulness of the search and seizure. The record discloses, as set out in the opinion, that there was ample evidence from which the jury could conclude Drake was a servant, or employee of Lee Walker. As set forth in the opinion heretofore rendered herein, Walker testified on the motion to suppress as follows, "He had a small connection. I hired him". (The latter reference of course is to Drake.) It clearly appears that hotel room 427 was registered in Walker's name. This being true, Room 427 was not the private quarters of Drake. Furthermore, Drake testifying for himself, disclaimed any connection with the club or any control or possession over room 427. Therefore he could not raise the question that the search was unlawful. In this connection we said in Akers v. State, 90 Okla. Cr. 160, 212 P. 2d 170:

"Constitutional provision guaranteeing one immunity from unlawful search and seizure is personal to the occupant of the premises involved, and one accused of a

crime cannot object that a search is unlawful where the accused did not contend that he owns or has possession of the premises searched.

"Defendant charged with unlawful possession of intoxicating liquor who denied ownership of liquor and claimed that he did not have control of premises where liquor was found could not raise objection that search was unlawful."

Freeman v. State, 72 Okla. Cr. 137, 113 P. 2d 843; Sparks v. State, 72 Okla. Cr. 330, 116 P. 2d 219; Ward v. State, 40 Okla. Cr. 377, 269 P. 389, wherein this court said:

"The right to object to a search as in violation of the constitutional right against unreasonable searches and seizures is personal, and cannot be made by one whose private rights have not been invaded. An employee of a public hotel or rooming house cannot complain of an unreasonable search in such building, where there is no invasion of his private room."

Hood v. State, 90 Okla. Cr. 340, 213 P. 2d 883; Ellige et al. v. State, 39 Okla. Cr. 262, 264 P. 220, wherein this court said:

"The right to complain of an illegal search is personal. A defendant will not be heard to complain that a search made of the premises or property of a codefendant is illegal."

See, also, Penrod v. State, 38 Okla. Cr. 46, 258 P. 1052. Here, there was no invasion of Drake's private room, and he is in no position to question the search and seizure. For the above and foregoing reasons, the petition for rehearing is accordingly denied.

JONES, P. J., and POWELL, J., concur.

On Further Rehearing.

PER CURIAM. After consideration of the petition for rehearing herein, wherein it is called to our attention that the principal codefendant, Lee Walker, received only a fine of $250 upon his conviction for the same crime with which the defendant herein was charged, we have come to the conclusion that the fine imposed against the plaintiff in error Floyd Drake should be reduced to $250 and costs.

It so ordered.