### BLY v. STATE.
### No. A–11938.

Criminal Court of Appeals of Oklahoma.
April 14, 1954.

Rehearing Denied May 5, 1954.

Dyer & Powers, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for defendant in error.

JONES, Judge.

This is an appeal from a conviction sustained by the defendant Ben L. Bly in the County Court of Osage County for the unlawful possession of 105 four-fifths quarts of whiskey, wherein the defendant was sentenced to serve the minimum sentence of 30 days in the county jail and pay a fine of $50.

Two assignments of error are presented in the brief of the accused. One, the trial court erred in overruling the motion to suppress evidence. Two, the trial court erred in refusing to give instruction No. 12, requested by the defendant.

The evidence on the motion to suppress disclosed that officers Bryant and Sellers, who were two agents from the Bureau of Investigation of the State Department of Public Safety, had parked their automobile near a house located at 2115 W. Edison Street in the city of Tulsa but in Osage County. They saw the defendant Bly emerge from the house, enter his automobile and start driving towards the main part of the city of Tulsa. The officers followed him for 17 or 18 blocks and then stopped him by the use of their siren, made a search of his automobile, and found 15 four-fifths quarts of whiskey. After the search was made, one of the officers got in the automobile of the defendant and directed the defendant to follow the automobile being driven by the other officer. They proceeded to the city of Tulsa police station and talked to the chief of detectives, after which they drove back to the house located at 2115 W. Edison. Upon arriving at the house, one of the officers knocked at the door and a Mrs. Sherwood came to the door. She was advised by the officers that they did not have a search warrant but would like to have her permission to make a search of the premises. She asked permission to speak to the defendant and after a conversation with him, she told the officers to go ahead and search. As a result of the search, the officers found over 100 bottles of whiskey in a Chevrolet automobile which was parked behind the house in a small shed. The defendant claimed the whiskey and helped the officers load it into their automobile for transportation to the county jail.

Two charges were filed against the defendant. In case No. 6994 the accused was charged with the possession of the whiskey seized by the officers when he was first arrested and which was contained in the

automobile which the defendant was driving. In case No. 6995 the defendant was charged with the illegal possession of the whiskey found as a result of the search of the premises at 2115 W. Edison. Both cases were consolidated for the purpose of presenting motions to suppress. At the conclusion of the hearing, the court sustained the motion and dismissed the prosecution in case No. 6994, but overruled the motion to suppress the evidence in case No. 6995 because the defendant denied the ownership and possession of the whiskey seized by the officers and also denied ownership, possession, or control of the premises or the automobile where the liquor was found.

█ The court's ruling on both cases was proper. At the time of the first search the officers had stopped the defendant on mere suspicion that he was violating the law. They had no warrant for his arrest and no search warrant, and such tactics on the part of the officers were wholly unauthorized and were unlawful and the search and seizure were unreasonable in violation of the Constitution of the State of Oklahoma, Art. II § 30.

█ The trial court cited the case of Kizer v. State, Okl.Cr., 249 P.2d 132, 133, as his authority for overruling the motion to suppress in case No. 6995. In that case it was held:

"Constitutional provision guaranteeing one immunity from unlawful search and seizure is personal, and one accused will not be heard to object that the search of the property or premises of some third person is a violation of his constitutional rights."

See also Love v. State, 83 Okl.Cr. 403, 177 P.2d 846; Plumlee v. State, 78 Okl.Cr. 201, 146 P.2d 139; Akers v. State, 90 Okl. Cr. 160, 212 P.2d 170; Hood v. State, 90 Okl.Cr. 340, 213 P.2d 883.

It is contended that the trial court erred in refusing to give defendant's requested instruction No. 12 as follows:

"You are instructed that to have possession of intoxicating liquor you must find beyond a reasonable doubt that the defendant had such dominion and con-trol over the liquor as would give him power of disposal thereof, and unless you find that he actually had or possessed such liquor, or that for the purpose of sale or barter, you must find the defendant not guilty."

█ The defendant is entitled to an instruction setting forth his theory of defense where there is evidence to support such theory. Defendant testified in the case that Mr. and Mrs. Sherwood owned and occupied the house and premises where the officers found the whiskey and that he, the defendant, did not have any ownership, possession, or control over any of the whiskey or the premises or the Chevrolet car in which the whiskey was found, and that he knew nothing at all about the whiskey. The instruction as presented was not in accord with the theory of the defense as shown by the testimony of the accused. The trial court gave several instructions in which the jury was advised that they must find beyond a reasonable doubt that the defendant had possession of the whiskey with the unlawful intent to sell, barter, give away, or otherwise furnish the same. Instructions one, two, six, and seven all advised the jury that the defendant was charged with the unlawful possession of whiskey and that the burden was upon the state to prove his guilt of such possession beyond a reasonable doubt. We think that these instructions substantially stated the law pertaining to the issues before the jury. The proof as to guilt was evident. We do not condone nor approve of the tactics followed by the officers in their seizure of the liquor, but in the absence of any claim by the defendant, in his testimony, of ownership of the property where the liquor was found or of the intoxicating liquor, the trial court and this court were bound, under the many prior decisions, to uphold the validity of the seizure.

Even though a large quantity of whiskey was found, the defendant was given only the minimum sentence prescribed by law. Counsel who appear in this court on appeal did not represent the accused in the trial court. Even though the high-handed tactics of the officers in this case were improper at the time defendant was stopped

and placed under arrest, and cannot be approved by us we can see no lawful basis in the record which would justify or authorize a reversal of the conviction for liquor later seized at the Sherwood residence.

The judgment and sentence of the county court of Osage County is affirmed.

POWELL, P. J., and BRETT, J., concur.