**Alma SKAGGS, Plaintiff In Error,**

**v.**

**STATE of Oklahoma, Defendant in Error.**

**No. A–12047.**

Criminal Court of Appeals of Oklahoma.

Oct. 20, 1954.

Rehearing Denied Nov. 10, 1954.

---

King & Wadlington, Ada, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Ass't. Atty. Gen., for defendant in error.

JONES, Judge.

This is an appeal from a conviction sustained by Alma Skaggs in the County Court of Pontotoc County wherein she was sentenced to serve 60 days in jail and pay a fine of $200.

Four assignments of error are presented in the brief of defendant. Three of these assignments of error are identical to the propositions presented in the case of Skaggs v. State, Okl.Cr., 273 P.2d 783 wherein on July 28, 1954, we decided those contentions adversely to the accused. We feel that no further elaboration concerning those propositions is necessary. That leaves for consideration the sole question as to whether the trial court erred in overruling the motion to suppress evidence. The evidence offered in connection with this motion disclosed that certain officers of Pontotoc County had a search warrant directing the search of certain premises located at 124 West Eighth Street in Ada. Fifteen pints of whiskey were found, seven pints in a bed of the house located at the premises described in the warrant and eight pints were found under the fence in another yard adjacent to the premises described in the warrant. Defendant testified that the eight pints of whiskey were found under the fence in the yard of the house at 120 West Eighth Street.

We consider this assignment of error as untenable for the reason that if the whiskey was not found on the premises of the defendant described in the warrant, she may not complain of the search of the premises adjacent to hers nor of the legality of the search of said premises. This court has held in many cases that the constitutional provision guaranteeing one immunity from unlawful search and seizure is personal to the owner or occupant of the premises involved; and one accused of crime may not object that a search is unlawful where the accused does not contend that he has possession of the property or premises searched. Freeman v. State, 72 Okl.Cr. 137, 113 P.2d 843; Love v. State, 83 Okl. Cr. 403, 177 P.2d 846; Hood v. State, 90 Okl.Cr. 340, 213 P.2d 883; Kizer v. State, Okl.Cr., 249 P.2d 132.

The judgment and sentence of the County Court of Pontotoc County is affirmed.

POWELL, P. J., and BRETT, J., concur.

Supplemental Opinion on Petition for Rehearing

PER CURIAM.

In the petition for rehearing counsel has called attention to the fact that instruction number six in the instant case is not identical to instruction number six which was discussed in Skaggs v. State, Okl.Cr., 1954, 273 P.2d 783, and to which former opinion reference was made in the within case. An examination of the record discloses that counsel is correct in this statement. However, we have considered instruction number six along with the other alleged errors and feel that although instruction number six is not a model instruction nor one which we think should be given, that on the whole it was not confusing or misleading to the jury and was not sufficient to constitute reversible error.

The petition for rehearing is denied and the mandate will issue immediately.