**John E. RAY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–74–272.**

Court of Criminal Appeals of Oklahoma.

July 22, 1974.

John P. Buzbee, Anadarko, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court, Caddo County, Case No. CRF–73–61, appellant, John E. Ray, hereinafter referred to as defendant, was charged, tried and convicted for the

offense of Pointing a Firearm. His punishment was fixed at five (5) years imprisonment; from said judgment and sentence he has perfected his timely appeal to this Court.

The evidence adduced at the trial from James Scott reveals that on July 15, 1973, he was sitting on the hood of a car visiting with friends in the parking lot located on the property of a Kerr-McGee station located on Main Street in Carnegie, Oklahoma. Defendant, driving a jeep, drove up and asked the group what they were doing. Thereafter, defendant drove from the area and approximately ten minutes later, about 1:45 a. m., he drove back into the station, declared he had a flat tire, and told the group that he would give anyone who would fix the flat $5.00. No one assented, he again requested that someone repair the tire, and again no one complied with his request. Finally, he made a demand for assistance stating someone had better help him or "he was going to get everyone of us." To bolster his threat he pulled a rifle from inside the jeep and fired a shot into the air and threatened to "sic his dog on them." Scott stated after this incident he observed a car approaching them on the highway. He recognized the driver, ran to this car, and together he and the occupants searched for the police. Upon flagging down a police car, they returned to the scene and he related the details of his observations regarding the instant offense.

Officer Lance Harrison of the Carnegie Police Department testified that on the aforementioned date at the approximate time of this incident he was riding as a passenger in a police cruiser with his partner, Bob Gooday. While on patrol they met a car with its lights blinking. They stopped their cruiser and Scott related the incident which he had just previously observed. They proceeded to the Kerr-McGee parking lot and upon arrival observed defendant standing behind a jeep with State's exhibit No. 1, the .22 rifle, in his possession. As they parked their police car they angled it in such a manner that the headlights were pointed at the defendant. As the two emerged from the vehicle, defendant stated "turn out the lights, or I'm going to kill you." Harrison related that Gooday turned off the lights. This appeased defendant and after a few minutes he approached the patrol car. Harrison holstered his weapon and began circling behind defendant in an attempt to obtain the rifle. Defendant observed Harrison's actions, became angry, turned, and again pointed the rifle at Gooday. Thereafter, Gooday walked to defendant's jeep, began petting his dog, and offered to help him change the flat tire. According to Harrison's testimony, Gooday requested a tire tool to remove the lug bolts from the wheel. Defendant laid his rifle inside the jeep and began rummaging about looking for the tool. Chief Marvin Smith of the Carnegie Police Department, who arrived on the scene, walked around defendant, spotted the firearm, gained possession of it, and ejected six live rounds and one spent round from the firearm. Following Smith's retrieval of the rifle, defendant threatened he would obtain another gun and kill him, at which time he began walking around the jeep. Harrison grabbed defendant, Smith provided the handcuffs, and defendant was taken into custody. Finally Harrison related that a search of the jeep revealed a bottle partially filled with an alcoholic beverage and that defendant was apparently in a state of intoxication at the time this offense occurred.

Officer Bob Gooday testified substantially as Harrison relating essentially the same details as that testimony revealed. He added further that during the incident he asked defendant what he was doing and defendant replied he had driven to Carnegie to "kill some people" and named a person by the name of Patterson as one of his potential victims.

Marvin Smith, Chief of the Carnegie Police Department, related that he was dispatched to the scene at approximately 2:00 a. m. His testimony further corroborated details of Harrison's testimony.

Reggie West, jailer for the Caddo County Sheriff's Department, and T. L. Stuart,

Sheriff of Caddo County, testified regarding the chain of custody of State's exhibit No. 1.

Thereafter, the State rested.

The defense rested without the presentation of evidence.

■ Defense counsel urges in his first proposition of error that the trial court erred in admitting evidence of separate and similar offenses which were not admissible against the defendant on trial for another specific offense. The collateral offense argued by counsel is the defendant's firing of the weapon prior to the acts which constituted the offense of pointing a firearm. The State counters this argument arguing evidence having a logical connection with the crime charged is not inadmissible merely because it also tends to show the commission of another crime.

This Court has generally held that when the "other crime" formed a part of the general transaction and factual background of the crime charged, it was relevant to show in the instant prosecution a felony pointing a firearm, the circumstances preceding thereto. See Tempy v. State, 9 Okl.Cr. 446, 132 P. 383 (1913); Tudor v. State, 14 Okl.Cr. 67, 167 P. 341 (1917); and Walker v. State, 92 Okl.Cr. 256, 222 P.2d 763 (1950). We therefore find this proposition to be without merit.

■ Defense counsel next argues the trial court erred in failing to grant a mistrial for the reason the prosecutor made a prejudicial comment during closing arguments which constituted a comment on defendant's failure to testify. Reading from page 214 of the transcript of trial the following argument was made by the prosecutor:

"He also stated that he thought the defendant saw him even talk on the radio in the police car, which would lead you to believe that he thought they were police. They both testified, both Mr. Gooday and Mr. Harrison, that they didn't do anything to cause the defendant to point the rifle at them that night and, I think, you will agree with that. Officer Harrison said the lights were good enough that he could have seen everything without the car lights even being on; *so that the defendant can't say he couldn't see them.* And also . . . . ."

Counsel further argues a statement made at page 220 of the trial transcript also commented on defendant's failure to testify. That statement reads as follows:

"The defendant by his own words has proven this point; he said, 'turn off those lights or I'm going to kill you.'"

We find the above arguments to be a fair comment on the evidence and do not constitute a comment on defendant's failure to testify. Read in context with other arguments and considered in light of the evidence adduced at the trial, the prosecutor cannot be considered to have intended to comment on defendant's failure to testify nor do we find the jury could have inferred such a comment from these statements. Consequently, we find this proposition to be without merit. For general authority on this point see Pickens v. State, Okl.Cr., 450 P.2d 837 (1969); Carr v. State, Okl.Cr., 514 P.2d 413 (1973).

■ Finally, defense counsel urges the punishment imposed is excessive. We find after studying all the facts and circumstances in the instant case this penalty does not shock this Court's conscience. It is a well settled rule that when the punishment assessed by a jury is within statutory range and it does not shock this Court's conscience, this Court will not modify the jury's assessment. See LaRue v. State, Okl.Cr., 404 P.2d 73 (1965). We therefore find this proposition to be without merit.

In conclusion we further note the incidental points of law raised by arguments of counsel are without merit.

BRETT and BUSSEY, JJ., concur.